## PEACOCK *vs.* DEWEESE.

Where a contract, signed only by the owners of land, agreed that at any time within six months they would take a specified price for their mineral interest, and upon receipt of such price would make a title to the party named in the contract as the party of the second part, and where such contract stated that the party of the second part bound himself to make such tests as were satisfactory to himself and to do such other things towards the perfection of the sale as might be necessary on his part, and that he would not demand any right outside of the necessary tests until the payment of the purchase money, the contract was not mutual and binding on all of the parties; a specific performance could not be decreed against the proposed purchaser; and an injunction on his behalf to restrain the owners from selling the mineral interest was properly refused.

December 2, 1884.

Specific Performance.   Equity.   Contracts.   Before Judge FAIN.   Bartow Superior Court.   July Term, 1884.

Reported in the decision.

JAMES B. CONYERS; JOHN W. AKIN, for plaintiff in error.

GRAHAM & GRAHAM, for defendant.

BLANDFORD, Justice.

Plaintiff in error filed his bill against defendant in error for specific performance of the following agreement:

"GEORGIA—Bartow County.

Agreement entered into 13th December, 1883, between William A. Deweese and Kittie Deweese of the one part, and D. W. K. Peacock, of the other part, all of said county and state, witnesseth, that, whereas the parties of the first part own what is supposed to be a mineral known as ochre on their farm; and whereas, they are desirous of disposing of said mineral; and whereas, the party of the second part is desirous of obtaining an option thereon : Now, therefore, it is agreed on the part of the first parties that they will, in the next six months at any time, take the sum of one thousand dollars for their entire ochre interest, with the privilege of mining the same, and upon the payment of one thousand dollars to them they will make good and sufficient titles to said ochre interest in all lands owned by them and their representatives. And the party of the second part agrees and binds himself to make such tests as are satisfactory to himself, and do such other things towards the perfection of said sale as may be necessary on his part, and shall not demand any rights outside of necessary tests, until the payment of the one thousand dollars as before specified; but when said sum shall be paid, he or his legal representatives may demand and receive such titles to said property."

This paper was signed by W. A. and Kittie Deweese. An injunction was prayed to restrain defendant in error from selling or disposing of the mining interest mentioned in the agreement. The court refused the injunction, and this is the error assigned. If there is no equity in the bill, it follows that the chancellor did right to refuse the injunction. The agreement is gratuitous and entirely voluntary on the part of defendant in error. A court of equity never decrees a specific performance of a voluntary or gratuitous contract. Code, §3189. Any fact showing the contract to be unfair or unjust or against good conscience justifies the court in refusing to decree a specific performance. Code, §3190. The contract in this case is not mutual and binding on all the parties thereto. The plaintiff in error may comply at his option or will; there is nothing in the writing that compels him to do anything for the benefit of the defendant in error. Equity will not decree the specific performance of a contract against one party, where, by the terms of the contract, no specific performance

could be decreed against the other party.    Code, §§2739, 2744.

The contract or agreement, which is the foundation of the bill, being such that no specific performance of the same will be decreed, then there is no equity in the bill, and it follows that the decree of the chancellor refusing the injunction was right.

Judgment affirmed.