LINDSAY *v.* WARNOCK.

Where by a written contract the owner of a tract of land stipulated to convey to the other contracting party a half-interest in all the minerals that the latter might find, open and develop "to the extent that it will justify the employ of labor," with timber and water for mining purposes, the other party stipulating in the writing to prospect the land within a specified time at his own expense, and the latter having complied with this stipulation and discovered, opened and developed a mineral of unknown name but of sufficient value to justify the employment of labor in mining the same, equity will, at his instance, compel the former to specifically execute his contract to convey in accordance with its terms. There was no want of mutuality in the terms of the contract as set forth in the writing, and the failure to sign the writing by the party who performed his undertaking is of no consequence, after full performance on his part.

March 26, 1894. Argued at the last term.

Petition for specific performance, etc. Before Judge HENRY. Floyd superior court. March term, 1893.

T. W. ALEXANDER, for plaintiff.

WRIGHTS & HARPER, for defendant.

SIMMONS, Justice.

Warnock entered into a written contract with Lindsay, in which it was stipulated that if Lindsay should find on certain land of Warnock between January 7, 1891, and August 27, 1891, any minerals that would justify the " employ of labor," Warnock would convey to Lindsay a half-interest in all the minerals that Lindsay might find, open and develop " to the extent that it will justify the employ of labor," with timber and water for mining purposes; it being also stipulated therein

that Lindsay should prospect the land at his own expense, and should not stop work over thirty days unless providentially hindered. The writing was signed only by Warnock. On November 11, 1891, Lindsay filed an equitable petition praying for specific performance of Warnock's contract to convey a half-interest in the minerals discovered on the land, and for an injunction to restrain Warnock from selling the land or the mineral interest therein. In his petition he alleged, in substance, that in pursuance of the contract, he went forward and, at great expense and labor, opened tunnels and shafts on the land to the extent of sixty-five feet, about five feet wide and six feet in height; that his labor was rewarded by discovering, within the time specified in the contract, valuable metal and minerals, the technical names of which were not known to him, in a ledge or vein fifteen or twenty feet wide and eight or ten feet thick, extending across the tract of land described; that he also discovered a peculiar medicinal water which he and others had found to be wonderfully effective in the cure of dyspepsia, rheumatism and other diseases, which he had analyzed by the State chemist and which was pronounced by him to be unusually strong mineral water, remarkable for the amount of mineral held in solution, etc.; that the mineral discovered was of great value, and that petitioner had opened and developed the mine to such an extent as to justify the employment of a great number of hands in mining for said mineral, and in the shipment and transportation thereof.

On demurrer by the defendant, the petition was dismissed for want of equity. We think there was equity in the petition. According to the allegations therein, Lindsay had fully performed his part of the contract, and had discovered on the land a mineral which he alleged was of sufficient value to justify the employment of labor, as contemplated by the contract; and we think,

under the allegations in the petition, he is entitled to
have a specific performance of the contract. Whether
the mineral discovered is of . value or not, was not to be
decided in the negative on demurrer, because the de-
murrer admits that it was valuable and would justify the
employment of labor in developing it. The record dis-
closes that the judge of the court below put his decision
in this case on the decision in the case of *Deweese* v.
*Peacock,* 73 *Ga.* 570, and dismissed the petition on the
ground of want of mutuality in the contract, the plain-
tiff not having signed it. That case, however, is differ-
ent in its facts from the present case. In that case it ap-
peared that the plaintiff was not really bound to do
anything at all under the terms of the contract. There
was no want of mutuality in the terms of the contract
in this case, and the plaintiff having fully complied with
his part of it, his failure to sign it was of no conse-
quence. Code, §§1950, 1951. He paid in full, in the
precise way appointed by the contract, for the convey-
ance which he now seeks to obtain.

<div align="right">

*Judgment reversed.* ·