## BROWN *et al. v.* BOWMAN.

1. Though a promise may be a nudum pactum when made, because the promisee is not bound, it becomes binding when he subsequently furnishes the consideration contemplated, by doing what he was expected to do.　Accordingly, where by a written agreement the owner of a designated tract of land gave to another the exclusive right to prospect for gold thereon, and agreed to give a half interest in all the gold he might locate and develop, "with all rights of mining and mineral privileges, wood, water, and right of way," and the latter, at considerable expense and much labor, in sinking shafts, etc., located and developed gold on the land, he was entitled to a half interest in the same, and if the owner afterwards sold the land to an innocent purchaser, the party locating and developing the gold had a right of action against the owner for half the value thereof.
2. Where in an action brought in such a case by the promisee against the owner of the land, to recover one half of the gold so located and developed, the petition failed to allege the value of such gold, it was not erroneous to sustain a demurrer upon a special ground attacking the petition for this defect.
3. In view of the fact that the demurrer was both general and special and was expressly sustained upon all the grounds thereof, and the probability that, if the judge had intimated or announced his intention to sustain this special ground, the plaintiffs would have prevented a dismissal of their petition by offering a proper amendment thereto, and the further fact that the petition presents a meritorious case, the judgment is affirmed, with direction that the plaintiffs be allowed to amend the petition in the respect above indicated, before the judgment of this court is made the judgment of the court below.

Argued November 19, — Decided December 10, 1903. Rehearing denied January 12, 1904.

Action for breach of contract.　Before Judge Bartlett.　Paulding superior court.　February 10, 1903.

The action was by B. W. Brown and T. W. Taylor against L. N. Bowman. The petition as amended alleged: On° March 13, 1894, the plaintiffs entered into a contract with L. N. Bowman, which was in the following words and figures: " State of Georgia, Paulding county. Know all men by these presents, that I, L. N. Bowman, of the county and State herein mentioned, do grant and give to B. W. Brown and T. W. Taylor the exclusive right to search for gold on the south half of lot of land number 419 in the 3rd district and 3rd section, and I, L. N. Bowman, agree to give said Brown and Taylor one half interest of all that is located or developed, with all rights of mining and mineral privileges, wood, water, and right of ways, and the right to sell their half; or, if we work said mine together, I, L. N. Bowman, agree to go half the expenses, and we will divide the proceeds; and if B. W. Brown and T. W. Taylor sell their half to other parties, I, L. N. Bowman, agree to make them good and sufficient titles, and will forever warrant and defend the same against all other parties whatever; as witness my hand and seal the date above written." (Executed by Bowman, and attested.)

The land referred to in said contract consists of about twenty acres, more or less, in said county of Paulding. By virtue of said contract the plaintiffs entered upon said land, and, at great expense to themselves and after performing much careful labor thereon in mining for gold by sinking shafts and cutting tunnels and doing much other necessary work, they developed and located valuable minerals, including gold. (Here followed an itemized statement, added by amendment, showing the number of days each of the plaintiffs was at work on the land, the value of each day's labor, the expense incurred by each for board, the amount expended for other labor and for tools, the dimensions of a shaft or tunnel sunk by the plaintiffs, and that it was worth a stated sum per foot to remove the dirt in performing this work.) The gold so located was in the formation of the earth, that is, it was in its crude state. Plaintiffs did their said labor on or about March 13, 1894. By virtue of said labor resulting in said discovery, location, and development of said mineral and gold, said land's value was materially enhanced, to wit, from the sum of $100 to the value of $1,500, or other like value; and thereby plaintiffs " were rewarded for their labor, money expended, time,

etc., in the sum of $750, had not said L. N. Bowman breached his contract, wronged, and defrauded petitioners, as hereinafter set out." Plaintiffs fully complied with their said contract, which entitled them to one half interest in said land, of the value of $750, of which they have been deprived by reason of fraudulent and unlawful transfers and sales by defendant, herein set out. Soon after said location, discovery, and development of mineral and gold by plaintiffs, the defendant wilfully, fraudulently, and without plaintiffs' knowledge or consent, sold and conveyed all of said land, mineral, gold, mining rights, etc., in said contract named, for $1,300, or other like sum, to innocent purchasers, whose deeds were legally placed of record, and which placed said mineral and gold beyond the reach of plaintiffs. (The names of the purchasers, the fractional interest sold to each, and the amounts paid were here stated.) Said act of the defendant was a distinct breach of his said contract, and damaged plaintiffs in the sum of $750, in this, that plaintiffs' interest in said land, minerals, and gold was well worth and of the market value of $750.

The defendant demurred on the following grounds: (1) No cause of action is set forth. (2) The alleged contract is void, because without consideration, and for lack of mutuality. (3) It is void for uncertainty. (4) The alleged damages are too remote and speculative to be recovered. (5) The land is not sufficiently described in the petition. (6) The amounts and items of expense incurred by plaintiffs, and the amount, nature, and value of the labor performed by plaintiffs are not sufficiently set forth. (7) The nature, character, condition etc. of the valuable minerals, and the value thereof, are not stated.

The court sustained the demurrer, and the plaintiffs excepted.

*H. F. Sharp* and *Rowell, Copeland & Rowell*, for plaintiffs.

*John W. & Paul F. Akin, W. E. Spinks*, and *Reuben R. Arnold*, for defendant.

FISH, P. J. 1. Bowman's agreement, which appears in the foregoing statement of facts, was evidently without consideration when made, as Brown and Taylor, at that time, neither did nor agreed to do anything. It was, therefore, when made, unenforceable for want of mutuality. When, however, Brown and Taylor within a reasonable time, and in the absence of any revocation of

the agreement by Bowman, by much labor and considerable expense, as the petition alleged, located and developed gold in the land in question, they did the very thing they were expected to do, and thereby furnished the contemplated consideration, which changed the nudum pactum into a valid and binding contract. "A contract is often such that, until something is done under it, the consideration is imperfect, yet a partial performance, or a complete performance on one side, supplies the defect. If, for example, one promises another, who makes no promise in return, to pay him money when he shall have done a specified thing, if he does it, not only is the contract executed on one side, but also the consideration is perfected and payment can be enforced. And in more general terms, when from any cause the party from whom the consideration moves is not compellable to render it, if he does render it, the contract becomes thereby perfected." Bishop on Contracts, § 87. To the same effect, see Parsons on Contracts, * 451 ; Clark on Contracts, 169–170 ; Story on Contracts, § 569 ; 7 Am. & Eng. Enc. L. 115. In Hammon on Contracts, 683, it is said : "The test of mutuality is to be applied, not as of the time when the promises are made, but as of the time when one or the other is sought to be enforced. A promise may be unenforceable for want of mutuality when made, and yet the promisee may render it valid and binding by supplying a consideration on his part before the promise is withdrawn." This doctrine is well settled by many adjudged cases cited by the above-named text-writers, and has been fully recognized by this court. *Sivell* v. *Hogan,* post, and cit. Counsel for defendant in error cite *Peacock* v. *Deweese,* 73 *Ga.* 570 ; *Grizzle* v. *Gaddis,* 75 *Ga.* 350 ; *Lindsay* v. *Warnock,* 93 *Ga.* 619 ; *Morrow* v. *Southern Express Co.,* 101 *Ga.* 810 ; *Perry* v. *Paschal,* 103 *Ga.* 134 ; *Marietta Paper Co.* v. *Bussey,* 104 *Ga.* 477 ; but nothing was decided in any of these cases in conflict with the principle above announced. The contract in *Peacock* v. *Deweese* was purely unilateral when made, and it was not even claimed that the promisee did anything afterwards which furnished a consideration. Under the facts, the court held that a specific performance could not be decreed in behalf of the promisee. It was held in *Grizzle* v. *Gaddis* that "A parol contract by which it was agreed that if a man and his family would take possession of certain land and cultivate and improve

it, they should have it as their home during the lives of himself and wife, paying therefor a reasonable rent, and that if at any time, after paying such rent from time to time, he should become able to purchase, the owner would convey to him a title for such price or sum as it was then worth, was too vague, uncertain, and wanting in mutuality to furnish a foundation for a decree for specific performance, requiring a conveyance from the other party to the contract or one who purchased from him with notice." There the insufficiency of the contract resulted more from its vagueness and uncertainty than from its lack of mutuality. See remarks of Mr. Justice Cobb in *Perry* v. *Paschal*, 103 *Ga.* 139.

The facts in *Lindsay* v. *Warnock*, were very similar to those in the present case, and the decision there made is really in line with the well-settled rule as stated in the text-books to which we have hereinbefore referred. It was held in that case: " Where by a written contract the owner of a tract of land stipulated to convey to the other contracting party a half interest in all the minerals that the latter might find, open, and develop ' to the extent that it will justify the employ of labor, ' with timber and water for mining purposes, the other party stipulating in the writing to prospect the land within a specified time at his own expense, and the latter having complied with this stipulation and discovered, opened, and developed a mineral of unknown name but of sufficient value to justify the employment of labor in mining the same, equity will, at his instance, compel the former to specifically execute his contract to convey in accordance with its terms. There was no want of mutuality in the terms of the contract as set forth in the writing, and the failure to sign the writing by the party who performed his undertaking is of no consequence, after full performance on his part." In *Morrow* v. *Southern Express Co.*, the agreement was entirely without consideration, and Mr. Justice Little, who delivered the opinion, said : " There are instances in which a promise, though a mere nudum pactum when made, because the promisee is not bound, may become binding on his afterwards furnishing the consideration contemplated." Nor does the case of *Perry* v. *Paschal* help the defendant; for it was there held : " Where one by written agreement binds himself to convey to another a designated tract of land upon the payment of a sum stated, and by the same agreement likewise undertakes to extend the

time of payment to a definite time in the future, and the vendee upon his part undertakes to pay a certain sum annually by way of rent for the immediate use of the premises, the vendee has the election at any time to tender the full amount of the purchase-money with interest, and then to demand a conveyance; and a continuing tender being made by him in accordance with the terms of the contract, the right of the vendor to demand rent thenceforth ceases." In *Marietta Paper Co.* v. *Bussey,* the ruling was only as to the allowance of an amendment, and the case is not in point. Counsel for defendant in error further contend that the agreement was merely a license, a gratuitous privilege granted by Bowman to Brown and Taylor to make a certain use of Bowman's land, and that as there was no consideration for such license, it was revocable at any time. Granting that the written instrument involved in this case was originally a mere license, revocable at the will of the licensor, still, after the licensees had done the work and gone to the expense contemplated by the agreement, the right of revocation was lost; certainly there could not then be an unconditional revocation. Even a parol license is not revocable after the licensee has executed it and in doing so has incurred expense. Civil Code, § 3069. See *City Council of Augusta* v. *Burum,* 93 *Ga.* 68. After Brown and Taylor had, as alleged in the petition, by much labor and at considerable expense, located and developed gold in the land, Bowman could not revoke the license and free himself from liability for one half of the value of the gold so located and developed. We conclude, therefore, that the petition set forth a good cause of action for the recovery of one half of the value of the gold which was located and developed in the land by the plaintiffs; and hence the first, second, third, and fourth grounds of the demurrer should not have been sustained.

2. The judgment of the court was not only general, but it expressly sustained the demurrer upon all the grounds taken therein. This judgment must be affirmed, as one of the special grounds of the demurrer was good. That ground was, that the petition did not allege the nature, character, and value of the minerals located and developed. The petition did not allege the value of the gold located and developed. It alleged that the plaintiffs "developed and located valuable minerals, including gold," but was silent as to the amount or value of the gold; and the defendant was en-

titled to be informed what the plaintiffs expected to prove upon this subject. It is true that the petition alleged that, by the discovery, location, and development of the valuable minerals, the land was increased in value from one hundred dollars to fifteen hundred dollars, and that therefore the plaintiffs were entitled to recover seven hundred and fifty dollars. But the plaintiffs were not entitled to recover the value of a one-half interest in the land, nor were they entitled to recover anything for the enhanced value of the land. What they were entitled to recover for was a one-half interest in the value of the gold which they had located and developed. It is apparent that there was no sufficient averment as to the value of the gold. In view of the fact that the trial judge did not base his judgment simply upon this special ground, but expressly placed it upon all the grounds taken in the demurrer; and the probability that, if he had intimated or announced his intention to sustain this special ground, the plaintiffs would have prevented a dismissal of their case, by offering a proper amendment; and the further fact that the plaintiffs, by their petition, seem to present a meritorious case, we affirm the judgment, with direction that plaintiffs be allowed to amend the petition before the judgment of this court is made the judgment of the court below.

*Judgment affirmed, with direction. All the Justices concur.*