### 4056. PEEPLES *et al. v.* CITIZENS NATIONAL LIFE INSURANCE COMPANY.

A promise, though a mere nudum pactum when made, and consequently unenforceable against the promisor at the time when made, may become binding and enforceable, if the promisee subsequently furnishes the consideration contemplated, by doing what he was expected to do. Accordingly, where one made to another, residing in a different State, a written application for a loan of money, and therein stipulated that if the lender would incur the expense necessary to inspect and examine the security described in the application, and, after such inspection, should reject the application, because of the insufficiency of the security, the applicant would pay a specified sum of money, this promise of the applicant, though a mere nudum pactum when made, became binding and enforceable as a contract, when the lender, before the offer was withdrawn, examined the property in the manner described in the application, and rejected the application, on account of the insufficient value of the security offered.

DECIDED MAY 22, 1912.

Complaint; from city court of Tifton—Judge R. Eve. February 17, 1912.

*Fulwood & Skeen,* for plaintiffs in error. *H. S. Murray,* contra.

POTTLE, J. The plaintiffs in error signed a written application to the defendant in error, for a loan of $15,000, to be secured by a mortgage or deed of trust to certain land described in the application. It was stated in the application that the land and the buildings thereon were worth $35,000. The application also contained the following stipulation: "As compensation for the examination of said property and its title, and the expense incident thereto, the undersigned agrees to pay to the Citizens National Life Insurance Company the sum of $326.25 and local expenses. If the Citizens National Life Insurance Company shall decline to make such loan before the title has been examined, because the security offered is not satisfactory, the undersigned will pay said company, as compensation for its investigation, the sum of $201.25 and local expenses." Suit was brought by the company against the applicants

to recover $201.25. The petition alleged, that, relying upon the statements of the applicants as to the value and nature of the security, and relying on the proposition and contract made by the applicants, to pay to petitioner the fixed sums specified in the application as compensation for the examination and investigation of the security offered for the loan, the plaintiff caused its treasurer to go from his office in Mayfield, Kentucky, into Georgia, and upon the lands described in the application, for the purpose of making a bona fide inspection and investigation of the property offered as security; that on receiving the report of this inspection the plaintiff did not consider the security of sufficient value to justify the loan applied for, but did offer to loan upon said security, and upon the terms and conditions stated in the application, the sum of $9,000; that the plaintiff was in a position, able and authorized and willing, to make the $15,000 loan, had the security, in the judgment of its officers, been sufficiently valuable, and was likewise able to make the loan of $9,000 upon the security offered by the defendants; that the defendants refused to accept the loan of $9,000 and thereupon the defendants became justly indebted to the plaintiff in the sum of $201.25. Defendants demurred to the petition, on the ground that the contract was unilateral and wanting in mutuality, and was, therefore, unenforceable. The demurrer was overruled, and this is the error assigned.

It is well settled that a promise, although a nudum pactum when made, because the promisee is not bound, may become binding when he subsequently furnishes the consideration by doing that which he was expected to do. *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410); *Purcell* v. *Armour Co.,* 4 *Ga. App.* 253, 256 (61 S. E. 138). The proposition contained in the written application of the defendants was no more than an offer, and inasmuch as the plaintiff did nothing at the time the offer was made, to render any obligation on its part enforceable on behalf of the defendants, the promise when made was a mere nudum pactum, and hence no action for specific performance could have been brought by either party. *Peacock* v. *Deweese,* 73 *Ga.* 570. But while this is true, when the plaintiff accepted the offer of the defendants, which was, in effect, that if the plaintiff would cause the defendants' property to be inspected and examined, and incur the expense necessary for this purpose, and if, upon such examination, it should be deter-

mined by the plaintiff that "the security offered is not satisfactory," the defendants would pay to the plaintiff the sum of $201.25 and local expenses, the mere naked promise or offer of the defendants became a binding contract upon them, by reason of the fact that the plaintiff, by doing what it was expected to do, supplied the necessary consideration for the promise contemplated in the offer made by the defendants. If the application had been withdrawn by the defendants at any time before performance by the plaintiff in accordance with the offer, and before the expense had been in-, curred by it, then, of course, the transaction would have been at an end, and no performance could have been compelled by either party.

The plaintiff in error relies upon the decision of the Supreme Court in *Morrow* v. *Southern Express Co.,* 101 *Ga.* 810 (28 S. E. 998), and especially upon the proposition that "a promise, however, is not a good consideration for a promise unless there is an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement; . . and in case of mutual promises, where the promise of one party is relied on as a consideration for the other, the promises must be concurrent and obligatory upon each at the same time, in order to render either binding." There is no question as to the correctness of this proposition of law, which is supported by a long line of authorities cited in the opinion in the case just referred to; but the principle announced is wholly inapplicable where the consideration has been supplied by the other party, and that which in the beginning was a mere naked promise has thereby become a binding and enforceable contract. This distinction is clearly pointed out in the very decision relied on by the counsel for the plaintiff in error, as may be seen from the following excerpt from the opinion: "The rule above announced applies in all cases where the contract remains wholly executory, and nothing is done to divest it of its unilateral character. There are instances in which a promise, though a mere nudum pactum when made, because the promisee is not bound, may become binding on his afterwards furnishing the consideration contemplated. Thus where one promises to see another paid if he will sell goods to a third person, or promises to give a certain sum if another will deliver up certain documents or securities, or if he will forbear a demand or suspend legal proceedings,

or the like, while the party making the promise is bound to nothing and may withdraw his promise (or, more accurately speaking, proposition) at any time, yet if the promisee, acting on the faith of the promise, within a reasonable time, does the thing which it was contemplated he should do, then the promisor is bound, on the ground that the thing done is a sufficient and completed consideration; and the original promise to do something if the other party would do something is a continuing promise until that other party does the thing required of him. Or if the promisee begin to do the thing in a way which binds him to complete it, here also is a mutuality of obligation. 1 Parsons on Contracts, *450; Clark on Contracts, 168, 169; Story on Contracts, § 569; *Lindsay* v. *Warnock,* 93 *Ga.* 619 (21 S. E. 127). In such cases it is not necessary that each promise should be absolute so that either party could enforce it against the other; for a promise conditional on the doing of some act may be rendered binding by the act, while it may give no right to compel the doing of it. Story on Contracts, § 569, and authorities cited."

If, as a matter of fact, the inspection made by the plaintiff was colorable only, and not made in good faith, and the application was arbitrarily rejected without sufficient reason and in bad faith, and for the sole purpose of creating a liability against the defendants for the sum of $201.25, this would be a matter of defense, to be set up by plea and sustained by proof; but the petition alleges that the inspection was made in good faith; that the plaintiff honestly reached the conclusion that the security was not of sufficient value to justify the loan of $15,000; that it was willing and able and did offer to make a loan of $9,000, and that this offer was rejected by the defendants. Under these allegations we are very clear that the demurrer was properly overruled.

*Judgment affirmed.*