26160. SAVANNAH BROADCASTING COMPANY INC. *v.* SOCIETY OF EUROPEAN STAGE AUTHORS AND COMPOSERS INC.

STEPHENS, P. J.    1. Although the promise of one of the parties to a purported bilateral contract may be unenforceable as lacking in consideration because the other party is not bound to perform, yet where the latter party has performed the act for which the promise was given, and the performance is accepted by the promisor, the promise becomes a binding and enforceable obligation. *Brown* v. *Bowman*, 119 *Ga.* 153 (46 S. E. 410).

2. Where, by the terms of a purported contract between the Society of European Stage Authors and Composers Incorporated, and Savannah Broadcasting Company Incorporated, the first party granted to the second party a non-exclusive license to broadcast publicly from the second party's broadcasting station musical compositions controlled by the first party, for which the second party agreed to pay the first party a stated annual license fee payable in stated monthly instalments for a license period of five years from March 1, 1935, and where, assuming that the first party, by the terms of the contract, was not bound to perform by furnishing to the second party such license to broadcast, yet where the first party granted such license to the second party on the terms and conditions mentioned in the contract for the period from March 1, 1935, to June 1, 1936, and the second party accepted such license, the second party is liable under the contract to the first party for payment for the period during which the license was furnished by the first party to the second party.

3. In a suit by the first party against the second party, to recover at the contract rate payment for the period during which the plaintiff had furnished such license to the defendant, the petition set out a cause of action, and was not subject to demurrer on the ground that the contract was void as lacking in mutuality because there was no obligation on the plaintiff to perform. The court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Sutton, J., concurs. Felton, J., concurs in the judgment.*

DECIDED JULY 2, 1937.

*Kennedy & McWhorter,* for plaintiff in error.
*McLaws, McLaws & Brennan,* contra.