SAMUEL MONTGOMERY, plaintiff in error, *vs.* WILLIAM WALKER and SARAH WALKER, defendants in error.

Where a bill was filed by a complainant who alleged that he was the sole heir-at-law of a deceased intestate, praying for an injunction to restrain a temporary administrator from wasting the estate pending the litigation for permanent letters on the estate of the decedent, alleging that he had been informed and believed that the security on the temporary administrator's bond was insufficient, and that the defendant was insolvent; which prayer for injunction the chancellor refused to sanction upon the ground that the complainant had an adequate common-law remedy, by requiring the temporary administrator to give additional security upon his bond: *Held,* that this Court will not control the discretion of the chancellor in refusing the injunction upon the statement of facts contained in complainant's bill; the more especially as the charges made of waste and fraud on the part of the defendant, are general, without stating any particular *acts of waste* by the defendant, or any particular *acts* of fraud done by him.

Equity. Injunction. Decided by Judge IRWIN. Chambers. Gilmer County. June, 1867.

Montgomery averred in his bill as follows: William R. King, of Gilmer County, Georgia, died in July, 1865, intestate, leaving no widow, nor child, nor lineal heir; he died, seized and possessed of estate real and personal, viz: his plantation in said county, containing three lots of land of one hundred and sixty acres more or less, each, with tenements and improvements thereon worth $3,000, or other large sum, and worth for rent annually $200; cows, hogs, household and kitchen furniture worth say $100; notes, &c., worth say $1,300, and specie, say about $1,800.

Complainant was deceased's half brother and his next of kin and heir-at-law, and therefore entitled to the estate and the administration. If other whole or half brothers were living, complainant did not know it; if they were, they will take equally with him.

When King died, Sarah Walker was living on his plantation, and with her complainant, after said death, agreed that she would remain there and take care of the property unmolested, till complainant could go to his home in Lumpkin County, Georgia, and prepare to take possession in person as administrator. Notwithstanding this agreement, she and her son William Walker, and others unknown to complainant, collectively combined and confederated together, wickedly intending to injure and defraud complainant of his said right of inheritance and administration, and to waste and destroy the property of deceased, and to sell, use and dispose of it to their own use; without complainant's consent, immediately after said death, they took possession of all of said property and converted it to their own use.

Complainant is informed and believes they intend perpetually and effectively to prevent him from the enjoyment of said property, and keep the same for themselves; for this purpose William Walker applied to the Court of Ordinary of Gilmer County, "under false pretences and without the knowledge or consent of complainant," and obtained therefrom, "by false representations," temporary letters of administration on said estate "for the purpose, as he believes, the more effectually to damage" complainant, and "to commit devastation on said estate under cover of authority." Complainant believes that the security on this administration bond "is wholly insufficient."

After said temporary letters were granted, complainant applied to said Court for permanent letters of administration on said estate, and obtained them over the protest of said William Walker; from this judgment of the ordinary, William Walker, with such fraudulent purpose, has appealed to the Superior Court, and the appeal is still pending. (A copy of said proceedings in the Court of Ordinary, is shown as an

exhibit to the bill.  The exhibit shows that on the 8th of January, 1866, complainant's attorney then objecting, these temporary letters were granted, and on the 9th of January, 1866, complainant was appointed permanent administrator, and William Walker appealed from said judgment.)  This appeal was taken without good cause, only to keep possession of the property, and, as complainant believed, without sufficient bond and security.

They conceal said specie and personal effects from complainant, refuse to take any account of the same, or make any report to the Court of Ordinary, they refuse to deliver the property to complainant, or to pay him the rents, issues and profits thereof.  He is informed and believes that they are insolvent, and their bonds insufficient and inadequate for securing complainant against loss.

The prayer is that this bill be taken as ancillary to the proceeding to obtain letters of administration; for injunction restraining them from selling, removing or disposing of or using said property; further, that they be compelled to give additional security, and on failure so to do, that complainant shall take possession of the property, giving bond and security under the order of the chancellor; that they account and pay over to him the proceeds of any of said property already disposed of, and deliver to him said property with its rents, issues and profits, &c.

The Court refused the injunction, on the ground that complainant's remedy was complete at law, and for this complaint is made here.

WEIR BOYD, for plaintiff in error.

H. P. BELL, for defendant in error.

WARNER, C. J.

This was a bill filed by the complainant against the defendant as the temporary administrator of William R. King, deceased, and Sarah Walker, praying for an injunction to restrain them from wasting and destroying the property of

the intestate, pending the litigation for permanent letters of administration in the Superior Court, and that the temporary administrator be required to give additional security, and upon failure to do so, that the possession of the property be given to the complainant, upon his giving bond and security therefor.   The chancellor refused to grant the injunction as prayed for, and the complainant excepted, and now assigns the same for error here.   From the facts disclosed by the record, we are not disposed to control the discretion of the chancellor in refusing this injunction.   The defendant has been appointed by the Ordinary temporary administrator, and as such, is entitled to the possession of the intestate's property until the contest for permanent letters shall be decided.   The temporary administrator is required to give security.   Revised Code, section 2452.   If such temporary administrator is wasting or in any manner mismanaging the estate, or his sureties are likely to become insolvent, or for any reason he is unfit for the trust reposed in him, the Court of Ordinary can require additional security, revoke the letters, or pass such other order, as in its judgment may be expedient.   Revised Code, section 2472.   The charges of *fraud* in the bill are general, without alleging *specific* acts, which, in view of a court of equity, might or might not amount to fraud; and the same remark is applicable to the charge of *waste.*   It is not sufficient to make a charge of fraud in general terms in a bill; but it should point out and state *particular acts of fraud.* Story's Eq. Pleading, 211, section 251. If the security upon the temporary administrator's bond is insufficient to protect the estate, he can be required to give additional security.

Let the judgment of the Court below be affirmed.