ROBERT A. HAYLES, trustee, plaintiff in error, *vs.* Isaac F. FARMER *et al.*, defendants in error.

1. Where a will provided that a trustee should hold certain property in trust for the benefit of the children of complainants, and of the wife of said trustee, until the death of the last survivor of complainants and of said wife, then to be divided equally between said children or their representatives, and the complainants filed their bill against said trustee, alleging waste, mismanagement, and his insolvency, and praying the writ of injunction and the appointment of a receiver:

*Held*, that a demurrer thereto, upon the ground that complainants had no interest in the property covered by the testator's will, should have been sustained.

2. Should the children for whose benefit the trust was created, be made parties, the court should interfere and see that the trust property is protected for their benefit.

Equity. Trusts. Parties. Before Judge JOHNSON. Jefferson Superior Court. November Term, 1876.

The bill in this case, was filed by all the children of James Stratford and his wife, Barbara, except Mary A. Hayles, the wife of Robert A. Hayles, the trustee. The remaining facts sufficiently appear in the decision.

CAIN & POLHILL, by brief, for plaintiff in error.

R. W. CARSWELL, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant, with a prayer for relief and injunction, and the appointment of a receiver, on the allegations contained therein. The defendant demurred to the complainant's bill on the following grounds: First, that by the express terms of the will of Peter McGowan, under which the defendant is acting, a copy of which is annexed to complainants' bill, he is exempt from making returns of his acts and doings as trustee to any court, and especially by the third item of

Hayles, trustee, *vs.* Farmer *et al.*

said will, he is exempt from accounting to any person or persons, and is exempt from the restraining power or binding force of any court; second, that complainants, Bessie E. Farmer, formerly Bessie E. Stratford, Peter J. Stratford, and James R. Stratford, who are the children of James Stratford and Mrs. Barbara Stratford, deceased, have no possible, present or future interest in any of the property of the estate of Peter McGowan, and that whether defendant is acting legally or not, the said complainants are not such parties as can call him to an account; that they cannot, in law or equity, make any demand on defendant for any part of the principal, or profits, of said estate, nor can any decree be rendered in their favor. The court overruled the demurrer, and the defendant excepted. The court then, by consent of the parties, as certified by the presiding judge, appointed a receiver.

It appears in the record that on the 1st of December, 1873, James Stratford, under the authority conferred by the will of McGowan, appointed Hayles, the defendant, trustee, to carry into effect the provisions of said will in his place and stead, and thus he obtained possession of the property mentioned in the will of the testator, of which the following is a copy of the material items thereof:

"Item 2d. After paying my debts as directed in the preceding item, it is my will and desire, and I so direct, bequeath, and desire, that my entire property of every description, whether real, personal, or mixed, and all that I may die seized and possessed of, be placed in the hands of James Stratford, whom I hereby appoint and constitute trustee for this and the subsequent devise and bequest of this will, and I hereby fully empower and authorize him, the said James Stratford, without the order or decree of any court, to seize and possess himself of said property, and to hold, use, control and manage the same, and every part thereof, in such a way and manner as will, in his judgment, best subserve the ends and purposes set forth and intended by this will, and to take such steps and use all such means as may become nec-

essary or expedient in the execution of this trust, and forever exempting said James Stratford from the necessity of making returns of his acts and doings as such trustee to any court; and I further authorize and empower said James Stratford, if his judgment shall so direct, to sell and finally dispose of, all or any portion of my personal estate, and the house and lot in Louisville, on Broad street, commonly called the Hunter lot. I further authorize and empower said James Stratford to cut off from my place lying south of Louisville about seven acres of land, and to make and execute to Dennis Ponder titles in fee simple to the same. The precise location of said seven acres, and the time at which said Stratford shall execute titles, to be at the discretion of said James Stratford. In no event is he to sell, or finally dispose of, any portion of my real estate until the final execution of the purposes set forth in this will; and I further authorize and empower said James Stratford, by deed or by will, to appoint his successor in the trust confided to and imposed upon him by this will.

"Item 3d. I direct, authorize and require said James Stratford, to seize and possess himself of the proceeds of any sale he may make under this will, and to seize and possess himself of all rents, issues, crops, profits or interest of any character arising or issuing from my estate, or any portion thereof, and to hold, use, control and manage the same according to his discretion and judgment, with full power and authority to him to continue my business from year to year as it now is, or to make such changes and alterations as he may at any time deem prudent and beneficial, with ample power and authority to him, if his discretion and judgment so direct, to invest said proceeds of sale made by him, rents, issues, crops, profits and interest, or any part thereof, in other property, real or personal, and to hold, use, control, manage said property so purchased in the same way, and with all power and authority over it as is given and contained in this will, and to continue from year to year, to receive, hold, use, control and manage my entire

property, and all profits, increase or issues thereof, until the time appointed by this will for a final division of the same. In the use, management and control of said property, and in the exercise of all the power, authority, discretion and judgment given to said James Stratford by this will, I exempt him from accounting to any person or persons, and further exempt him from the restraint, power or binding force of any court.

"Item 4th. Upon the death of the last survivor of the children of James Stratford and my deceased sister, Barbara Stratford, to-wit: Mary Ann Hayles, wife of Robert A. Hayles, Bessie Eliza Stratford, Peter Joseph Stratford, and James Robert Stratford, I then direct that all said property, then in the hands of James Stratford or his successor, in trust, be equally divided between the children, or representatives of children of the said Mary Ann Hayles, Bessie E. Straftord, Peter Joseph Stratford, James Robert Stratford, but said division shall be *per stirpes* and not *per capita.*

"Item 5th. I constitute and appoint James Stratford executor of this will.    This January 2d, 1873."

There is no ambiguity on the face of the testator's will, either *patent* or *latent,* that we can discover, which would authorize the introduction of parol evidence to explain his intention ; that intention is clearly manifested by the words of the will itself, to-wit, that the trustee should have the legal title to, and possession of, the property mentioned in his will, and to hold the same in trust for the benefit of the children, or representatives of children, of Mary Ann Hayles, Bessie E. Stratford, Peter Joseph Stratford, and James Robert Stratford, until the death of the last survivor of the children of James Stratford and Barbara Stratford, to-wit, Mary Ann Hayles, wife of Robert A. Hayles, Bessie Eliza Stratford, Peter Joseph Stratford, and James Robert Stratford—and then all of said property in the hands of the trustee, so held in trust as directed by the testator, to be equally divided between the children or representatives of children of the last named persons.

The complainants allege that Hayles, the trustee, is wasting and mismanaging the property, and that he is insolvent. But what is that to them? They have no interest in the property under the testator's will that we can discover, and the children of Hayles and of the complainants (if there be any) are not complaining. If the children of Hayles and of the complainants were parties to the bill, the court should interfere in their behalf, and see that the trust property is protected for their benefit.

In view of the provisions in the testator's will, the court erred in overruling the demurrer, so far as the present complainants in the bill are concerned. We, therefore, reverse the judgment of the court below, unless the children of Hayles and of the complainants (if there be any) shall be made parties complainant to the bill, and when that is done, let the bill remain in court for the protection of their interest in the trust property, which appears, from the allegations in the bill, to be in danger of being wasted. We give this direction in view of the peculiar facts of the case, in accordance with the provisions of the 4284th section of the Code.

Judgment reversed on terms.