SIMS *v.* CORDELE ICE COMPANY *et al.*

| 119 | 597 |
| 120 | 258 |
| s120 | 430 |
| 120 | 989 |
| 119 | 597 |
| e125 | 318 |

1. A contract right to purchase designated property, within a given time, at a stipulated price, upon the credit of the person owning such right, is not assignable ; and upon his dying within the time limited for the exercise of such right, without having exercised it, it does not pass into the hands of his administrator as an asset of his estate.

2. There was no merit in the general ground of the demurrer. The petition stated a cause of action against the defendant alleged to be in the wrongful possession of, the plaintiff's property, for the recovery of such property and reasonable rent for the same, and also for the appointment of a receiver for such property, pending the litigation between the parties.

3. There was a misjoinder of causes of action, and also a misjoinder of parties defendant ; and as the demurrer attacked the petition upon these special grounds, the judgment sustaining the same must be affirmed. But direction is given, that, before the judgment of this court is made the judgment of the court below, the plaintiff be allowed to amend his petition so as to cure these defects therein ; that upon his doing so, the case stand for trial upon the petition as thus amended ; and that upon his failure to do this, the judgment below be unconditionally affirmed.

Argued January 15, — Decided March 3, 1904.

Equitable petition. Before Judge Littlejohn. Dooly superior court. February 25, 1903.

*Allen Fort & Son, James Taylor*, and *E. A. Hawkins*, for plaintiff.

*J. T. Hill, J. H. Hall*, and *Whipple & McKenzie*, for defendants.

FISH; P. J. This case was dismissed in the court below upon a demurrer to the plaintiff's petition, and the bill of exceptions alleges that the court erred in sustaining the demurrer. The demurrer was both general and special. The general ground alleged that the petition set forth no cause of action, and that the plaintiff had an adequate remedy at law. By way of special demurrer, it was alleged that there was a misjoinder of causes of action ; and also that there was a misjoinder of parties. The demurrer was sustained generally, the judgment not indicating that it was sustained upon any particular ground or grounds. We are, therefore, to consider whether either of the grounds was sufficient to authorize the judgment of the court.

1, 2. We will first consider the main question involved in the case, and that is, whether the plaintiff's petition set forth a cause of action against the Cordele Ice Company. This involves a consideration of the option, or right, which the petition shows the

plaintiff proposed to grant to G. R. Sims, in the event the proposition submitted by the plaintiff to T. B. Sims was accepted.    The proposition made to T. B. Sims and the option offered to G. R. Sims were, as the petition shows, contained in the following letter, written by the plaintiff to the former:

"Americus, Ga., March 23rd, 1899.
"Mr. T. B. Sims, Cordele, Ga.

"Dear Tom, — In reference to disposition of the Cordele Ice Machine, make you the following proposition, namely:    First, you turn back to me possession of the property, also quitclaim to same, or in other words your interest in same cease, in consideration of which shall lease to you for the term of three years the Cordele Ice Machine, you to keep in repair the machine and building.    Also further agree, at the expiration of your lease, grant G. R. Sims the option of purchasing the above machine for the sum of $9,000.00 divided into nine installments of one thousand dollars, payment to bear interest at the rate of 7% from date of same. The above proposition only to be considered upon the surrender of all claims that the Cordele Ice Co., T. B. & G. R. Sims, or either might hold against S. R. Sims or holdings of S. R. Sims.    Above proposition also bind you to pay and keep paid all accrued expenses upon the Cordele Ice Machine in the way of taxes; also insurance, taxes, or other expenses that might come against that piece of property during your possession. . . Should you see your way clear to accept above-named proposition, so notify me in order that I may have necessary papers drawn, embodying above in legal form.    Awaiting your early reply, I remain,

"Yours,    S. R. Sims."

The plaintiff alleged that the proposition contained in this letter had been withdrawn by him, before its acceptance; while the defendants contended that the petition showed that this contention had been decided adversely to the plaintiff in litigation between him and T. B. Sims, and was res judicata in the present case.    The plaintiff further contended that the option offered by him to G. R. Sims was void, because without consideration; and if not void originally, it was not assignable, and, never having been accepted by G. R. Sims, expired upon his death.    The defendants contended that this option, or right, of G. R. Sims to purchase the property in controversy, upon the terms stipulated in this letter,

was based upon a sufficient consideration which had been received by the plaintiff; that it was transferrable, and upon the death of G. R. Sims was an asset of his estate, which passed into the hands of his administrator, and as such was duly sold by the administrator and purchased by Mrs. G. R. Sims, and by her transferred to the Cordele Ice Company, which thereupon became entitled to purchase the property in controversy from the plaintiff upon the terms stipulated in the option; and that all of this was shown by the plaintiff's petition.

So far as the decision of this case is concerned, it does not matter whether the proposition made by the plaintiff to T. B. Sims resulted in a binding contract between the parties or not. We take it for granted that it did, and that everything necessary in order to vest in G. R. Sims the right to purchase the property in controversy between the plaintiff and the Cordele Ice Company, upon the terms mentioned in the offer of S. R. Sims to him, had been done; so that, while he lived, without his consent the option could not have been withdrawn by S. R. Sims before the time within which it could be accepted had expired. But the right to purchase the property, upon the terms stipulated, was one which was purely personal to G. R. Sims, and could not have been transferred by him to any one else, without the consent of S. R. Sims. As it was a right which no one else but G. R. Sims could exercise, when he died without having exercised it, it became extinct. It did not pass to his administrator as an asset of his estate, and hence Mrs. Sims acquired nothing by the attempted sale and transfer to her of this right by the administrator, and therefore had nothing to transfer to the Cordele Ice Company. It is well settled that a contract right which is coupled with liabilities, or involves a relation of personal confidence between the parties, can not be transferred to a third party by one of the parties to the contract, without the consent of the other. *Tifton R. Co.* v. *Bedgood,* 116 *Ga.* 945, and cit. This being true, it is very clear that a right which one person has to make a given contract with another, which is coupled with the assumption of liabilities by the former to the latter and involves a relation of personal confidence between them, can not be transferred to a third party, without the consent of the party against whom such right is held. The right of G. R. Sims to purchase the prop-

erty "for the sum of $9,000.00 divided into nine installments of one thousand dollars," bearing interest at seven per cent., was not only coupled with the assumption of liabilities on his part to his uncle, S. R. Sims, but also involved a relation of personal confidence between them.   S. R. Sims could not be compelled to sell his property upon such terms to any one else but the person to whom he had contracted to thus sell it.   He had the right to decide for himself to whom he would sell his property upon a credit, and could not be forced to so sell it to any one else. Upon the question of the assignability of the option, counsel for the defendants in error cite *Sims* v. *Lide*, 94 *Ga.* 553.   There the right to purchase the property in controversy for a designated sum was neither coupled with the assumption of any future liability by the purchaser to the seller, nor did it involve any relation of personal confidence between the parties.   It was simply dependent upon the payment, in cash, of the stipulated purchase-price within the time limited for the existence of the option. The same may be said in reference to the case of *Perry* v. *Paschal*, 103 *Ga.* 134, which is also cited in support of the contention of the defendants in error.   Many cases may be found which hold that a right to purchase given property for a stipulated sum, to be paid when the property is purchased, is assignable; but we know of no case in which it has been held that one who has acquired the right to purchase another's property, at a designated price, upon his own credit, can, without the consent of the owner of the property, transfer such right to a third person, so as to entitle the transferee to purchase the property upon the same terms and upon *his* credit.

Unquestionably the plaintiff's petition stated a cause of action for the recovery of his property from the Cordele Ice Company, which was in possession and control of the same without any lawful authority whatever, and refused, upon his demand therefor, to deliver it to him.   This is true whether the plaintiff was entitled to the equitable relief for which he prayed or not.   If he was not entitled to have a receiver appointed to take charge of and preserve the property pending the litigation, he was entitled to recover possession of the property and reasonable rent therefor. But we think, under the allegations of his petition, he was entitled to have his prayer for a receiver granted.   He alleged that the

property was liable to deteriorate in value; that it had not been properly cared for; that the house in which the ice plant was located was in bad repair; that the furnace which belonged to the plant had been abandoned; that the boiler which operated the machine for the past seven or eight years was disconnected from the machinery and was depreciating in value; that while no improvements had been made on his property, the adjoining property of the ice company had been improved, an artesian well bored thereon, a new boiler installed, and preparation made looking to the operation of another ice factory, in case he should get possession of his property; and that the property was liable to be destroyed by fire, and he had not been able to ascertain whether it had been insured.  While the Cordele Ice Company was not alleged to be insolvent, the petition alleged that only ten per cent. of the subscriptions to its capital stock had been paid in; that the corporation had incurred debts in excess of the amount paid in, and was still borrowing money, and might encumber the property by mortgage or otherwise.  Under these circumstances, we think, the appointment of a receiver would have been authorized, in order to fully protect the rights of the plaintiff.  Civil Code, § 4900.

Counsel for defendants in error invoke the doctrine of res judicata, claiming that the plaintiff's petition showed that the questions involved in the present case were also involved in certain litigation, in Sumter county, between T. B. Sims and S. R. Sims, the plaintiff here, and were there decided adversely to the latter, and that the plaintiff in this case is concluded by the judgment rendered in that.  We do not think that the plaintiff's petition contains allegations or admissions upon which the doctrine of res judicata could be raised by demurrer.  But, be this as it may, it is evident that there is nothing whatever therein which shows that the main question with which we have been dealing was involved in the Sumter county litigation.  We do not see how the question as to the assignability of the option could have been involved in that case, and there is certainly nothing in the plaintiff's petition to show that it was.  The allegations of the petition show that this question arose after the death of G. R. Sims, and in consequence of the attempt of his administrator to sell the option at administrator's sale, and the claim of the Cordele Ice Company

that it had purchased this option from Mrs. Sims, who had purchased it at such sale.

3. While the general ground of the demurrer was without merit, we think that the two special grounds mentioned above were meritorious. There were two separate and distinct causes of action in the petition, against different defendants. The first and main cause of action, which we have discussed above, was against the Cordele Ice Company, for the recovery of the property in controversy and reasonable rent for the same during the time that company held it. The second and minor cause of action was against Mrs. G. R. Sims and T. L. Blackwell, administrator of G. R. Sims, for the recovery of a money judgment against them for the value of certain piping, pumps, tools, etc., which belonged to the plaintiff and which the petition alleged they had converted. According to the petition, the property sought to be recovered of the ice company was in the possession of that company alone, neither Mrs. Sims nor Blackwell being connected with its possession or exercising the slightest control over it. And the Cordele Ice Company was not charged with any responsibility whatever for the loss or conversion of the property for the value of which the plaintiff sued Mrs. Sims and Blackwell. Here, then, was both a misjoinder of causes of action and a misjoinder of parties defendant. A misjoinder of parties is also apparent when we take into consideration the fact that Hill, Parker, and Ryals are made parties defendant to the action, neither of whom is charged with being in possession of the property involved in the main cause of action, or with having appropriated or converted the property involved in the minor cause of action. They are simply charged, together with Mrs. Sims, " and perhaps others," with having organized a corporation, " chartered under the laws of Georgia, known as the Cordele Ice Company," which corporation, " without any right or authority of law," took possession of the plaintiff's property known as the Cordele Ice Plant. They are not sued for the possession of this property, nor for the value of the property alleged to have been converted by Mrs. Sims and Blackwell, nor is it alleged that they have incurred any liability to the plaintiff whatever. Why they were made parties defendant at all does not appear, no recovery being asked against them and no prayer for relief being directed against them. While it may have been per-

fectly proper for their names to appear in the petition, in order to clearly present to the court the circumstances out of which the plaintiff's main cause of action arose, they were neither necessary nor proper parties defendant to either cause of action set forth in the plaintiff's petition.  For the above reasons, we think the petition was clearly demurrable for misjoinder of causes of action, and for misjoinder of parties defendant, and we therefore feel constrained to affirm the judgment; but, for the reasons stated in *Brown* v. *Bowman,* 119 *Ga.* 153, we direct that, before the judgment of this court is made the judgment of the court below, the plaintiff be allowed to amend his petition, so as to meet the objections raised by these special grounds of the demurrer; that upon his doing so, the case stand for trial upon the petition as thus amended; and that upon his failure to do this, the judgment below be unconditionally affirmed.

*Judgment affirmed, with direction.  All the Justices concur, except Simmons, C. J., absent.*