TINSLEY *et al. v.* MADDOX *et al.*

No. 8999. FEBRUARY 20, 1933.

*A. E. Wilson* and *F. L. Breen,* for plaintiffs.

*Harold Hirsch, Marion Smith, J. L. Hargrove,* and *Brandon & Hynds,* for defendants.

GRAHAM, J. ■ ■ The allegations in the petition are insufficient to set aside the award. Executors are authorized to submit to arbitration all contested or doubtful claims for or against the estate. Code, § 4004. They may in good faith and with proper prudence submit to arbitration the matter in controversy in connection with the estate they represent. The award may be made the judgment of the court. Code, § 5020.

■ An award against an executor, in the absence of fraud, accident, or mistake, and until set aside, is conclusive, in reference to the matters submitted, upon the legatees and all parties thereto. There is no provision for notice of the submission to the legatees. They are represented and are parties to the case through the executor, who is designated by law to represent them and the interests of the estate. *Walton* v. *Reid,* 148 *Ga.* 176 (96 S. E. 214) ; *Clark* v. *Flannery,* 99 *Ga.* 239 (25 S. E. 312). However, awards may set aside in equity; and in a proper case therefor the legatees, on

failure or refusal of the executor to sue, may bring an equitable petition to set aside an award against an executor. A judgment obtained against an executor can not be set aside in equity by the legatees on the ground that there was a good defense which the executor failed to set up, unless it be also shown that there was accident, mistake, fraud, or corrupt complicity between the executor and the plaintiff. *Castellaw* v. *Guilmartin,* 54 *Ga.* 299; Code, § 4585. Under the allegations in the petition, the testator was accustomed to deposit all money received from the conduct of his business in his wife's name, who in turn, in accordance with his instructions, checked same from the bank in payment of expense in connection with his business. Pursuant to custom, a few weeks immediately preceding his death she received from him $39,000, the purchase-price of certain property, which she deposited to her personal account and immediately thereafter checked therefrom $22,-354.33 on account of his indebtedness, leaving in the bank $15,-974.67 balance which was alleged to be the property of the testator. Nearly a year later the bank, as his executor, claimed the money on deposit in her name. Whereupon she not only claimed this balance but also claimed an indebtedness against the estate of $22,354.33, contending that said $39,000 was a gift from her husband. The alleged custom of the testator in the conduct of his business raised the inference that the money was his. On the other hand the money having been turned over to the wife and by her deposited in her own name likewise created an inference that the same was hers. The executor was authorized to pay the debts of the testator. Under the circumstances it would hardly have been prudent to have acknowledged and paid this claim. The executor was confronted with the alternative of submitting to either suit or arbitration. The courts favor awards. *Hardin* v. *Almand,* 64 *Ga.* 582. An award is intended by law to end litigation. *Overby* v. *Thrasher,* 47 *Ga.* 10. Lawsuits are expensive. The executor chose the arbitration, in which the claims of both parties were regularly submitted in writing. A hearing was had before the arbitrators. The parties were present and represented by counsel. The award was duly made the judgment of the court, and, unless set aside, is final and conclusive between the parties on the matters submitted. Code § 5047.

When an award has been returned to the court, either party,

at the term to which it is returned, may suggest on oath that it was the result of accident or mistake or the fraud of some one or all of the arbitrators or parties, or is otherwise illegal. Whereupon the court shall cause an issue to be made up and tried. § 5049. No exception to the award was taken. This section of the Code does not permit objections to an award, unless filed under oath. Swearing that the exceptions are true to the best of the knowledge and belief of the party making the oath does not meet the requirements of the Code. An executor can not except to an award on its return on either of these grounds, by verifying same to the best of his knowledge and belief. The oath must be positive. *Winn* v. *Miller,* 136 *Ga.* 388 (71 S. E. 658). Hence an executor might not be satisfied with the finding of arbitrators, and yet be unable to swear positively that it was due to accident, mistake, fraud, or was otherwise illegal. So, in the absence of evidence to the contrary, an executor should not be charged with fault merely because he failed to file objection to an award on its return.

After an award is made the judgment of the court, a court of equity may set it aside. Fraud in the arbitrators or in either party obtaining an award would set it aside. Code, § 5029. Fraud will authorize a court of equity to relieve against an award obtained by imposition. § 4629. To determine whether equity will set aside an award for fraud, these two sections must be construed together with § 4585, which provides: "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." There is no fraud or mistake alleged on the part of the arbitrators, nor is it alleged that the wife practiced any fraud or deception either on the arbitrators or the executor, or that she in any manner colluded with the executor or prevented it from making a defense to her demand. The allegation is that her claim was spurious and fraudulent and was so known to her, and that the proceedings to arbitrate were devised by her merely as a pretense of avoiding the provisions of the will. Such general allegation means nothing more than to say her demand was not due, just, or bona fide. Under § 4585, the allegations in the petition were wholly insufficient to set aside the award as to the wife. Fraud

authorizing setting aside a judgment must come from the adverse party. *Board of Drainage Commissioners* v. *Brown,* 155 *Ga.* 419 (3) (117 S. E. 236). The wife had a lawful right to submit her claim to arbitration. Even if it were false and she induced the award by false swearing, such would not suffice to set aside the award. *Black* v. *Harper,* 63 *Ga.* 752. The only allegations of fraud against the executor, if the same be construed as such, are that the hearing before the arbitrators was ex parte; that it presented no evidence to refute the demands of the wife, did not have the evidence before the arbitrators reported, knew her claim was spurious, fraudulent, and false, and could have established the falsity thereof had it used any diligence; that the proceedings to arbitrate were devised by the wife to avoid the provisions of the will; and that the executor, either by acquiescence or through indifference and negligence in failing to defend said claim, permitted a fraud to be perpetrated on petitioners; and for such reasons the submission to arbitration was not made in good faith, but was a subterfuge, scheme, device, and attempt to avoid the will and thereby defraud petitioners out of their interest in the estate. It seems that these allegations should also be taken in connection and construed with the recital in the return of the arbitrators which plaintiffs made a part of their petition. It was stated in the return that both parties were present at the hearing and represented by counsel; that evidence was offered and argument heard. Construing the petition most favorably to the plaintiffs and most strongly against the executor, which is not the rule, mere negligence that does not amount to fraud is all that is alleged against the executor. It is doubtful, taking the allegations as a whole in reference to the award, that the alleged acts of the executor amount to negligence on its part. Knowledge that the claim of the wife was false was no indication of fraud or bad faith on the part of executor in the submission to arbitration. The executor was charged with the payment of all debts of the estate. If the claim was just, it was its duty to pay without arbitration. The only excuse to submit to arbitration was either knowledge that the demand was false or a want of knowledge that it was due. The law does not require the evidence on the hearing before the arbitrators to be taken down and transcribed. No inference of fraud, neglect, or bad faith arises from the failure of the executor to cause the evidence to be reported. While the plaintiffs alleged that the executor

offered no evidence to refute the demand and could have established the falsity thereof had it used diligence, yet they failed to show what evidence, if any, it could have offered or could have discovered by diligence to dispute the claim and establish its falsity. At most, the allegations charging fraud are mere general statements without specifying any facts on which to base them. Where fraud is relied on to vitiate an act, the particular facts constituting the fraud must be stated. A general charge of fraud may be assailed by general demurrer. *Field* v. *Brantley,* 139 *Ga.* 437 (77 S. E. 559) ; *Gould* v. *Glass,* 120 *Ga.* 50-59 (47 S. E. 505) ; *Anderson* v. *Goodwin,* 125 *Ga.* 664 (54 S. E. 679) ; *Montgomery* v. *Walker,* 36 *Ga.* 515.

To set aside an award for fraud, it is not sufficient to state the fraud in general terms, but such facts of fraud must be so stated that the court may see the illegality. *Shaifer* v. *Baker,* 38 *Ga.* 135. Exceptions to an award that are vague and loose, the evidence before the arbitrators not set out, and no full data furnished from which the court may accurately determine the mistake, if any exists, are properly dismissed on demurrer. *Cox* v. *Mercer,* 74 *Ga.* 399; *Overby* v. *Thrasher,* 47 *Ga.* 11. Even if it be admitted that the executor had a good defense to the claim and that its failure to make same is well pleaded, such would not authorize setting aside the award. Mere failure to make a defense affords no ground to set aside an award. Fraud that will authorize a court in equity to set aside an award is fraud extrinsic or collateral to the matter tried by the first court, and not a fraud which was in issue in that suit; or it must be fraud or deception practiced on the unsuccessful party, by which he was prevented from exhibiting fully his case, and by which there has never been a real contest before the court on the subject-matter of the suit. U. S. *v.* Throckmorton, 98 U. S. 61 (25 L. ed. 93) ; *Thomason* v. *Thompson,* 129 *Ga.* 440 (59 S. E. 236, 26 L. R. A. (N. S.) 536). From the allegations in the petition it may be assumed that there was evidence to sustain the finding of the arbitrators. In the absence of fraud, accident, or mistake, the award could not be set aside if there was any evidence to sustain it. *Osborn* v. *Blanton,* 109 *Ga.* 196 (34 S. E. 306). Moreover, to set aside an award where an investigation of the evidence is necessary to consider the objection thereto, a brief of the evidence introduced before the arbitrators is required to be filed with the exceptions, and in the absence of such brief the exception will be dismissed. *Evans*

v. *Edenfield, 7 Ga. App.* 175 (66 S. E. 491), and cit. To set aside in equity an award dependent in part, as in this case, upon consideration of the evidence that was before the arbitrators, it would be necessary to accompany the petition with a brief of the evidence. The plaintiffs, apparently recognizing this rule, undertake to excuse themselves by alleging that the evidence was not stenographically reported, and hence for want of sufficient information they are unable to set forth the nature of the evidence. In this connection petitioners do not allege that they made any effort whatever to obtain the evidence. The arbitration was had on September 8, 1930. The arbitrators, the parties to the arbitration, and counsel representing each party are all probably in life. No reason appears why plaintiffs could not, if they had so endeavored, have obtained the evidence introduced before the arbitrators from either one or all of these parties. Plaintiffs not only fail to offer sufficient excuse for their failure to set out the evidence, but they also fail to set forth any evidence that would authorize a finding different from that of the award. Considering the allegations of the petition as a whole, we are of the opinion that the same are insufficient to set aside the award.

 The executor was authorized by the will to pay the wife $150 per month. Plaintiffs are not entitled to any relief on account of this item. The will provided that the executor pay the wife during her life $150 a month from the net income. At the time of making the will the monthly net income of testator was probably about $500. This $150 annuity was given to her in lieu of dower and year's support. Looking at the will as a whole, the intent was to give her $150 per month in lieu of dower and year's support. That it was to be paid from the net income was a secondary thought. An unconditional gift of the entire income of property, or interest accruing from a fund, will be construed as a gift of the property or fund, unless the provisions of the will require a more limited meaning. Code, § 3899. Legacies may be either general or specific. A specific legacy is one which operates on property particularly designated. A gift of money to be paid from a specified fund is nevertheless a general legacy. § 3902. "As a general rule, it is true that a gift of money, to be paid from a specified fund, is nevertheless a general legacy, and a failure of the fund does not destroy the legacy. Code [1868], § 2422 [1910, § 3902]. But

it is unquestionably true that a testator may so charge a money legacy upon a particular fund as to make the legacy follow the fate of the fund." *Tennille* v. *Phelps,* 49 *Ga.* 532, 541. As a widow's right to dower is superior to all claims of creditors, except those secured by security deeds and purchase-money mortgages, a legacy which she accepts in lieu of dower is not subject to abatement either as a general, specific, or demonstrative legacy. Redfearn on Wills, § 141. See *Speer* v. *Speer,* 67 *Ga.* 748; *Hill* v. *Clark,* 48 *Ga.* 530. "Nothing is better settled than that the wife is a purchaser of a legacy, which she chooses, under a will in lieu of her dower." "At the death of the testator she has a legal right to her dower. It overtops all legacies, specific as well as general. It is a right superior even to the claims of creditors; and when she accepts the offer of exchange, tendered her in the will, and gives up her dower, she pays a valuable consideration for the portion which she accepts. 1 Roper on Legacies, 432; Burredge *v.* Brodyell, 1 P. Wms. 126; Blaner *v.* Merett, 2 Ves. Sr. 420; Darenhill *v.* Flecher, Ambler, 244; Norcott *v.* Gordon, 14 Simmons, 258; Isenhart *v.* Brown, 1 Ed. Chan. R. 441; Locock *v.* Clarkson, 2 DeSaussure, 476; Heath *v.* Dendy, 1 Russ. 543; Williamson *v.* Williamson, 6 Paige, 298. The cases in Ambler, 244, 2 Ves. Sr. 420, and 1 Russ. 543, even go so far as to hold that this exemption from abatement, in case of a legacy, though general, in lieu of dower, in case of a deficiency of assets to pay debts and specific legacies, exists, though the legacy be of greater value than the dower." *Clayton* v. *Akin,* 38 *Ga.* 320 (3), 332 (95 Am. D. 393). The annuity of $150 a month to the wife, having been accepted by her under the provision of the will in lieu of dower and year's support, was in the nature of a purchase, and would not abate because of the insufficiency of the net income to pay it, but it was a charge against the whole property of the estate.

■ Under the allegations in the petition, the plaintiffs were not entitled to cancel the deed by the executor to the wife, alleged to have been made and accepted as a credit on the debt found by the arbitrators to be due her. As between her, the executor, and the legatees, the finding of the arbitration as to her claim was final and conclusive. Hers was a debt against the estate that had to be paid. The will required the executor to pay the debts. The income of the estate was insufficient to pay. Under the broad powers conferred by the will, the executor was authorized, without any order of court,

to sell at private sale any of the property of the estate for the purpose of the payment of debts. This being true, there is no reason why the executor could not sell to the wife, the creditor, any part of the property, if taken at a fair price to be applied in payment on the debt. There is no allegation that the property conveyed to the wife as a payment on the debt was of any greater value than the amount for which it was accepted, or that the transaction was otherwise unfair. No equitable reason appears why the deed should be canceled.

█ The other allegations furnish no grounds for equitable relief. There is no allegation of insolvency of the executor; and even if it be true that the executor, by negligently failing to collect, lost the amount due on the $5000 Pike note, or was negligent in reference to the arbitration, or was otherwise mismanaging the estate, this furnished no ground for equitable relief, since such matters were within the jurisdiction of the court of ordinary. *Gibbs* v. *Gibbs,* 151 *Ga.* 745 (108 S. E. 214); *Gould* v. *Glass,* 120 *Ga.* 50 (47 S. E. 505)·; *Walton* v. *Reid,* supra. If the executor is unfit to handle the estate or there is cause for his removal, the plaintiffs have a remedy for such in the court of ordinary. Code, §§ 4790, 3978. *Stanley* v. *Spell,* 46 *Ga. App.* 91 (166 S. E. 669).

█ Plaintiffs request this court to grant them the right to amend their petition, and cite as authority for such *Ferrell* v. *Greenway,* 157 *Ga.* 535 (122 S. E. 198). This court is a court of review for the correction of errors in the trial court. It would not be proper to allow the amendment here. Under the Code, § 6205, it is within the power of this court to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case. The *Ferrell* case and the cases of *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410), and *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597 (46 S. E. 841), cited therein, differ from the present case, in that the petitions in those cases presented a meritorious case and were good against a general demurrer. Such being true, and the lower court having dismissed the same on both general and special demurrers, direction was given by this court that the plaintiffs be permitted to amend. Conceding, however, that the allegations in the proposed amendment would be sufficient to withstand demurrer (which we do not now decide), it would not be proper to allow the amendment at this time. The demurrers were heard be-

fore the lower court; no request was made, so far as the record discloses, for time to amend; and there is no exception to a refusal of opportunity to amend. The lower court should, on request, allow time to amend to meet a demurrer. A refusal to give such opportunity is subject to exception and review. However, when no cause of action is set out in the petition, and where no such request is made, the privilege of amending is ended. *Ripley* v. *Eady*, 106 *Ga.* 422 (32 S. E. 343). The bill of exceptions contains no assignment of error on failure of the court to allow time for amendment. Under these circumstances this court can not consider the statements, made for the first time in the brief of counsel for the plaintiffs, that they requested of the lower court time to amend, and that the demurrers were sustained without leave or authority to amend, and without notice to counsel. *Maggioni* v. *Postal Telegraph-Cable Co.*, 28 *Ga. App.* 51 (110 S. E. 309). Hence the request by plaintiffs to grant them the right to amend their petition, not being timely and well made, is denied.

We conclude there was no error in sustaining the demurrers, and that the petition was properly dismissed.

*Judgment affirmed. All the Justices concur, except Stark, J., who dissents.*