JACKSON *v.* JACKSON, administrator, *et al.*

No. 10354. November 14, 1934.

*R. C. Jenkins* and *D. D. Veal,* for plaintiff.

*M. F. Adams,* for defendants.

Bell, J.  J. K. Jackson died intestate on December 19, 1932, while a resident of Putnam County, leaving J. C. Jackson, a son, as his only heir at law.  On February 6, 1933, E. S. Jackson, whose relation to the intestate does not clearly appear, but who, according to this record was not interested in the estate by inheritance or otherwise, applied to the court of ordinary of Putnam County for letters of administration, alleging that he was the next of kin.  His application was granted at the following March term, and he gave bond and assumed office as administrator.  If citation was published, no other notice was given to J. C. Jackson, the sole heir at law, and he had no actual knowledge of the proceeding.  In September 1933, the administrator filed an application for leave to sell the real estate of the deceased, situated in Putnam County, and after the grant of his application he sold and conveyed a tract to A. J. Parham on November 7, 1933.  At the time of this sale and from the death of his father, J. C. Jackson was in possession of this tract of land, claiming the same as sole heir at law and adversely to the administrator.  In January, 1934, Parham sued out a dispossessory warrant against J. C. Jackson for the purpose of evicting him as a tenant, and placed the warrant in the hands of an attorney with the intention and expectation that it would be executed by a proper officer.  On January 22, 1934, J. C. Jackson filed the present suit for injunction and other relief, the defendants being E. S. Jackson as an administrator and as an individual, A. J. Parham as grantee in the administrator's deed, J. L. Paschal as sheriff of Putnam County, and Mrs. Georgia Ellen Brundage as grantee in a different deed to which reference will be made hereinafter.  The purposes of this suit were:  (1) to set aside the judgment of the court of ordinary appointing E. S. Jackson as ad-

ministrator; (2) to cancel the administrator's deed to Parham; (3) to enjoin the execution of the dispossessory warrant; (4) to recover judgment against E. S. Jackson for personalty alleged to have been illegally sold by him as administrator; (5) to recover judgment against the administrator for damages and attorney's fees; and (6) to cancel a deed alleged to have been executed by M. E. Jackson, purporting to convey to E. S. Jackson and Mrs. Brundage a tract of land in which J. K. Jackson at his death owned a one-third interest, this being a different tract from that sold by the administrator to Parham.

The petition alleged the facts indicated above, and in addition thereto the following: The allegation, in E. S. Jackson's application for appointment as administrator, that he was the next of kin of the deceased was wholly untrue, and was made for the purpose of deceiving the court of ordinary, in order that the applicant might obtain letters of administration in disregard of the rights of petitioner, the applicant then and there knowing that the sole right to the administration was in petitioner, and being a mere interloper, seeking to advance his own interests by obtaining control of the assets and securing for himself large sums of money in the way of fees, commissions, and other compensations. Petitioner "had no notice or knowledge of any kind whatever of said application, or of said appointment as administrator, until after said appointment had been made; and petitioner shows that if any notice or citation in connection with said application and appointment was ever run or published in the Eatonton Messenger, or in any other newspaper, he did not see the same, nor did he know of the same, as he did not and never has subscribed to or received the Eatonton Messenger nor seen any copy of the same or any other paper containing any such notice or citation; and had he seen any such notice, he could and would not have been able to read and comprehend the same, on account of his limited education." The administrator's deed to Parham is void, because "both said E. S. Jackson and said A. J. Parham had full knowledge and notice of petitioner's adverse possession of the property allegedly sold, of the invalidity of the appointment of E. S. Jackson as administrator, . . of petitioner's right to the administration of said estate, . . and of all other facts and circumstances in connection with said sale, but conspired and colluded to force said land to sale, so that said Parham could obtain the same at far less than its fair market value."

A. J. Parham, and E. S. Jackson, as an administrator and as an individual, demurred to the petition upon the following grounds: (1) no cause of action; (2) no equity; (3) misjoinder of parties and causes of action. The court sustained these grounds of demurrer and dismissed the petition, and the plaintiff excepted. The demurrer contained other grounds which the court did not pass on.

Since a petition is not subject to ·dismissal as a whole on general demurrer if it states a cause of action for any part of the relief sought (*Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333)), and since it is further true that a suit in equity is not subject to special demurrer for misjoinder (*Georgia Railroad Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200)), if each defendant "has an interest in some matter in the suit which is common to all, and they are connected with the others" (*Blaisdell* v. *Bohr,* 68 *Ga.* 56 (2)), the foregoing statement, indicating, as it does, the gravamen of the petition and the chief ground of complaint against each defendant, will sufficiently present the facts material to the only grounds of demurrer passed on by the trial court, without reference to other allegations contained in the very lengthy petition.

Under the principles enunciated in the headnotes, the court erred in sustaining the general grounds of the demurrer. It was also error to sustain the grounds relating to misjoinder, except as to the allegations and prayers for cancellation of the deed from M. E. Jackson to E. S. Jackson and Mrs. Brundage. It was not alleged that E. S. Jackson as administrator had undertaken to deal with the property conveyed by this deed, and the plaintiff's contentions with reference thereto are matters in which the defendant Parham is not in the slightest degree concerned. Nor do they pertain to any other ground of complaint relating to the administration. The judgment sustaining the demurrer as to misjoinder was correct so far as it applied to this phase of the petition, but was otherwise erroneous. The headnotes do not require further elaboration. Since the petition was not subject to the general grounds of demurrer, but was subject to one special ground as indicated, the judgment sustaining the demurrer must be affirmed. "But direction is given, that, before the judgment of this court is made the judgment of the court below, the plaintiff be allowed to amend his petition so as to cure these defects therein; that upon his doing so, the case stand for trial upon the petition as thus amended; and

that upon his failure to do this, the judgment below be unconditionally affirmed." *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597 (3) (46 S. E. 841). See also *Brown* v. *Bowman,* 119 *Ga.* 153 (3) (46 S. E. 410) ; *Ferrell* v. *Greenway,* 157 *Ga.* 535 (3) (122 S. E. 198) ; *Tinsley* v. *Maddox,* 176 *Ga.* 471, 473 (17), 487 (168 S. E. 297).

*Judgment affirmed, with direction. All the Justices concur.*

GILBERT, J., concurring specially. I concur in all of the rulings on the merits of the case. My purpose is to call attention to the form of the judgment rendered by this court. It must be admitted that similar judgments have heretofore been rendered, and they afford physical precedents. In my opinion, with the utmost respect for my colleagues who differ, such judgments are illogical, beyond justification, and should not be followed. If a case is dismissed and is entirely out of the trial court, it is ended. The trial court no longer has jurisdiction, and can allow no further amendments. Even when directed by this court, it can not be done, for lack of jurisdiction of the case in the trial court. A contrary view must be that, when a case is entirely out of the trial court and that dismissal is unconditionally affirmed by this court, this court can give directions for further proceedings in the trial court. In this I can not concur. Where the case is dismissed, and the judgment reversed here, the case, of course, goes back for further proceedings. Where the judgment of the lower court is a refusal to dismiss and this court affirms, again the case goes back for trial. Where the judgment of the trial court does not dismiss the case entirely, the trial court does not lose jurisdiction; then again, even though this court affirms the dismissal as to some parties, the part of the case still pending in the trial court may be amended as provided by law for other cases. *Irons* v. *American National Bank,* 178 *Ga.* 160, 174 (172 S. E. 629). In this case a general demurrer was sustained, and that judgment has been "affirmed with direction" that plaintiff be allowed to amend, and that on compliance the case will stand for trial on the petition as thus amended. Perhaps the judgment in this form might be construed to be tantamount to a reversal, in which case it may be proper, as affording jurisdiction in the trial court. It would be much simpler and more direct to use the word "reversed." I can concur in the result on the theory that this court orders a reversal on the condition named.