McRAE *v.* SEARS *et al.*

No. 11455. September 19, 1936.

G. L. Hattaway, W. S. Mann, and W. S. Mann Jr., for plaintiff in error.

H. W. Nalley, contra.

HUTCHESON, Justice, H. L. Sears, ordinary of Wheeler County, filed his petition against James A. McRae, seeking to recover of the defendant a certain sum of money for the use of the county, on his bond as commissioner of roads and revenues of the county. Demurrers to the petition were filed, and the ordinary amended, striking his name from the petition so that it then proceeded solely in the name of the county. Demurrers to the petition as amended were filed, and the court sustained them, dismissing the action. The plaintiff brought the case by proper exceptions to the Court of Appeals, which court affirmed the judgment of the superior court, as follows: "Where by an act of the legislature a sole-commissioner form of government was created for Wheeler County (Ga. L. 1924, p. 378), giving to the sole county commissioner full control over the fiscal affairs of the county and transferring to him all of the powers theretofore exercised by the ordinary while sitting for county purposes, the ordinary has no authority thereafter to prosecute a suit in the name of the county on the bond given by the sole commissioner as agent or as an individual. Smith v. Fuller, 135 Ga. 271, 277 (69 S. E. 177, Ann. Cas. 1912A, 70) ; Henry v. Means, 137 Ga. 153(3) (72 S. E. 1021) ; Cook v. Board of Commissioners, 54 Ga. 163 ; Bennett v. Walker, 64 Ga. 326. Therefore, since the petition in the present case, as finally amended, presents a suit brought solely in the name of the county as plaintiff, and alleges that it is being prosecuted by the ordinary as agent of the county or obligee in the bond given by the sole commissioner, and the ordinary is not a party suing for the use of the county the suit was properly dismissed by the trial judge. However, since the act creating a sole-commissioner form of government for Wheeler County provides that the bond given by the sole commissioner shall be made payable to the ordinary, 'which said bond may be sued upon in the name of said ordinary, either on his own motion or by direction of the grand jury of said county,' and since the

county is the real party at interest (the suit being upon the bond of the sole commissioner for withholding county funds) and is before the court, and since an amendment adding the name of the ordinary suing for the use of the county will be only the addition of a nominal party, and not a new party, we direct that if an amendment is offered, in accordance with the above ruling, when the remittitur from this court is made the judgment of the trial court, the judge allow the same. The amendment shall be subject to demurrer as in other cases; otherwise the case stands dismissed." (51 *Ga. App.* 847 (181 S. E. 816). Immediately after the remittitur was made the judgment of the lower court, the plaintiff offered an amendment so as to cause the case to proceed in his name as ordinary for the use of the county. To this amendment and to the petition as amended the defendant filed his demurrers, which the court overruled, and the defendant excepted. The only grounds of the demurrers insisted upon are, (1) that the Court of Appeals had no jurisdiction to give direction to the case, so as to allow an amendment to be filed after the remittitur from that court was made the judgment of the trial court; and the case having been dismissed on general demurrer and affirmed on appeal, there was nothing to amend by; and (2) that the act of 1924, supra, allowing the ordinary to sue in his name on the bond of the sole commissioner, is violative of art. 11, sec. 1, par. 1, of the constitution (Code, § 2-8201), which provides that "all suits by or against a county shall be in the name thereof."

■ The Supreme Court and the Court of Appeals have power "to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case." Code, § 6-1610; see also § 24-3901. "After a general demurrer to a declaration has been sustained and the cause dismissed by the superior court, and that judgment affirmed in the Supreme Court *without condition or direction,* the declaration is not amendable." *Central R. Co.* v. *Paterson,* 87 *Ga.* 646 (13 S. E. 525) ; *Kehr* v. *Floyd,* 135 *Ga.* 424 (69 S. E. 550) ; *Federal Investment Co.* v. *Ewing,* 166 *Ga.* 246 (142 S. E. 890) ; *Johnson* v. *Seaboard Air-Line Ry.,* 14 *Ga. App.* 223 (80 S. E. 549). It has never been held by this court that, after a general demurrer to a declaration has been sustained and the case dismissed by the lower court,

this court on appeal can not affirm that judgment with a condition or direction that the declaration may be so amended as to set out a cause of action, although it has been intimated to the contrary (*Tinsley* v. *Maddox,* 176 *Ga.* 471, 487, 168 S. E. 297; *Willingham* v. *Glover,* 28 *Ga. App.* 394, 395, 111 S. E. 206). See concurring opinion of Justice Gilbert in *Jackson* v. *Jackson,* 179 *Ga.* 696, 700 (177 S. E. 591). Both this court and the Court of Appeals have in such cases given direction that amendments to declarations be allowed, so that a cause of action is set out. *Wynne* v. *Alford,* 29 *Ga.* 694; *Dennis* v. *Schofield,* 1 *Ga. App.* 489, 491 (57 S. E. 925). This court, in cases where a meritorious case is made out, but subject to general demurrer because of improper designation of parties plaintiff or defendant, has upheld the judgment dismissing the petition on demurrer, and directed that the complainant be allowed to amend by proper designation of the parties. *Green* v. *Hill,* 101 *Ga.* 258 (28 S. E. 692); *Robinson* v. *Central of Ga. Ry. Co.,* 150 *Ga.* 41 (3) (102 S. E. 532); *Payne* v. *Hayes,* 25 *Ga. App.* 730 (104 S. E. 917). See also *Hayles* v. *Farmer,* 58 *Ga.* 324, 328. It is contended, however, that, the amendment having been presented after the remittitur was made the judgment of the trial court, there was no case in court and nothing to amend by. See *Central R. Co.* v. *Paterson,* supra. This position is not tenable under the facts of the present case. The judgment of affirmance rendered by the Court of Appeals, although a final judgment, was not finally operative, and was only to become so on failure of the petitioner to amend within the time required; otherwise, upon compliance with the direction of the court, the case was pending subject to demurrer as in other cases. The condition or direction was as much a part of the judgment as the ruling affirming the judgment sustaining the demurrer; and when the remittitur was made the judgment of the trial court, that judgment had the same condition or direction attached thereto. The word "when," as used by the Court of Appeals in directing the allowance of the amendment "when the remittitur" from that court was made the judgment of the trial court, we think, was used in its relative sense, and means just at or after the time, or immediately after. 68 C. J. 244 et seq; *Hening* v. *Nelson,* 20 *Ga.* 583, 584.

No objection was made to the amendment on the ground that it

added a new and distinct party (Code, § 81-1303); and such objection, if valid, is considered waived. Under the circumstances of the present case, and in view of the above rulings, we are of the opinion that the Court of Appeals had the power and authority to affirm the judgment with the direction as given, and that the trial court did not err in overruling the ground of demurrer in reference thereto.

■ The act of 1924 entitled "An act to create the office of Commissioner of Roads and Revenues of the County of Wheeler, to provide for his election; . . to define the duties of the commissioner and provide for his compensation; to provide for the supervision of his acts and the auditing of his books; and generally to provide for the management of the affairs of said county; and for other purposes," provided that the sole commissioner should give bond "payable to the ordinary of said county, . . which said bond may be sued upon in the name of said ordinary, either on his own motion or by direction of the grand jury of said county." Ga. L. 1924, p. 378, sec. 6. The constitution (Code, § 2-4601) provides that "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." Under this portion of the constitution it has been held that there is no requirement as to uniformity in the acts creating commissioners of roads and revenues. *Bradford* v. *Hammond*, 179 *Ga.* 40, 46 (175 S. E. 18), and cit. The constitution provides that "Each county shall be a body corporate, with such powers and limitations as may be prescribed by law. All suits by, or against, a county, shall be in the name thereof." § 2-8201. Under these sections it has been held that neither the counties nor the county officials (they being merely agents of the county:. *Justices* v. *Griffin &c. Plank Road Co.*, 9 *Ga.* 475, 485) can exercise any powers except those which are conferred upon them by legislative action, or are necessarily inferred from the powers conferred. *Albany Bottling Co.* v. *Watson*, 103 *Ga.* 503 (30 S. E. 270); *Wright* v. *Floyd County*, 1 *Ga. App.* 582 (58 S. E. 72); *Town of Decatur* v. *DeKalb County*, 130 *Ga.* 483, 487 (61 S. E. 23). It follows that the legislature had authority to designate the ordinary as the county official to whom the bond of the sole commissioner should be made payable, and to provide that the ordinary should sue on

the bond in the event of default. Ordinarily the sole commissioner would be the person who would institute suits in the name of the county (*Smith* v. *Fuller,* 135 *Ga.* 271, 277, 69 S. E. 177; *Henry* v. *Means,* 137 *Ga.* 153 (3), 72 S. E. 1021), but such a case is not made by the present record. This is not a suit by the county, but is one by the ordinary for the use of the county. The bond was a contract between the ordinary and the sole commissioner and the surety. The ordinary is the party in whom the legal interest in such contract is vested, and the suit may properly proceed in his name. Code, § 3-108. We are of the opinion that section 6 of the act of 1924, supra, is not violative of the provisions of the constitution contained in the Code, § 2-8201. The court did not err in overruling the demurrers to the petition as amended.

*Judgment affirmed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*

GILBERT, Justice, dissenting. In *Jackson* v. *Jackson,* 179 *Ga.* 696 (7) (supra), we dealt with a similar but not the precisely worded judgment involved in this case. The importance of the subject, as a practice rule, justifies, I hope, some further discussion. In the *Jackson* case the trial court sustained a demurrer containing general and special grounds. The court held that the petition was not subject to general demurrer, and not subject to special demurrer on one point, but was subject to special demurrer on another point. In the last headnote are found these words: "the court properly sustained one special ground of the demurrer; but the judgment sustaining other grounds, general and special, was erroneous." The opinion concludes as follows: "'But direction is given, that, before the judgment of this court is made the judgment of the court below, the plaintiff be allowed to amend his petition so as to cure these defects therein; that upon his doing so, the case stand for trial upon the petition as thus amended; and that upon his failure to do this, the judgment below be unconditionally affirmed.' *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597 (3) (46 S. E. 841). See also *Brown* v. *Bowman,* 119 *Ga.* 153 (3) (46 S. E. 410); *Ferrell* v. *Greenway,* 157 *Ga.* 535 (3) (122 S. E. 198); *Tinsley* v. *Maddox,* 176 *Ga.* 471, 473 (17) (168 S. E. 297)." The writer of this dissent filed a special concurrence in that case. Admittedly the concurrence was based upon a con-

struction which was strained as far as or perhaps farther than was logically permissible. The concurrence was deemed advisable at the time, for the reason that whether a special concurrence or a dissent it would not have changed the result. It seems wholly undesirable to extend the principle any farther. It will be noted that in the *Jackson* case the direction given was that the amendment should be allowed *before* the judgment of the Supreme Court was made the judgment of the trial court. In the present case the judgment of the Court of Appeals was as follows: "This case came before this court upon a writ of error from the superior court of Wheeler County; and, after argument had, it is considered and adjudged that the judgment of the court below be affirmed. Direction is given, that, if an amendment is offered in accordance with the opinion filed herewith *when* the remittitur of this court is made the judgment of the trial court, the judge allow it. The amendment shall be subject to demurrer as in other cases. Otherwise the case stands dismissed." The word "when" as therein used is quite indefinite. It may have meant during the same day or just before or just after. It is impossible to know precisely what the court meant. If the judgment of the Court of Appeals was actually made the judgment of the trial court before the amendment was *filed*, obviously the court would have lost jurisdiction of the case. In a matter so important as this it seems to the writer that appropriate words, so easily available, should have been employed. In the present case, as in the *Jackson* case, the result desired would have been logically and properly achieved by simply reversing the judgment of the trial court, with direction that if the amendment was *filed before* the judgment was made the judgment of the trial court the judgment would stand affirmed.