33179. McKOY *v.* SMITH.

Decided October 19, 1950. Rehearing denied November 16, 1950.

646

*Noah J. Stone, Frank A. Doughman,* for plaintiff.

*R. R. Tisdale, A. E. Wilson,* for defendant.

FELTON, J. This action is predicated on the provision of the written contract which obligates the defaulting party to pay the commission. The petition fails to show liability on the part of the seller for the reason that the contract was only conditionally binding on the purchaser and that was when he obtained the necessary loan or loans. The seller would not be in default until the purchaser obtained the loan or loans within a reasonable time and tendered the full purchase price. In the absence of allegations of fact showing that the purchaser had obtained the loan

or loans and tendered the purchase-price, the petition failed to show the default of the seller. There is no authoritative ruling in *Brown* v. *White,* 73 *Ga. App.* 524 (37 S. E. 2d, 213), in conflict with what is here ruled. The judgment in that case is correct under the facts there appearing. In view of the fact that the action was dismissed by the trial court for the reason that the contract sued on was too vague and indefinite to be enforceable, the judgment of the superior court overruling the certiorari is affirmed with direction that the superior court overrule the certiorari and in its judgment give direction that the plaintiff below be permitted to amend the petition to meet the ruling in this case, in which event the original action shall be reinstated. Authorities for authorizing amendments and reinstatements of action where judgments dismissing them are affirmed are as follows: *Dennis* v. *Schofield,* 1 *Ga. App.* 489 (57 S. E. 925), and citations; *McRae* v. *Sears,* 183 *Ga.* 133 (187 S. E. 664); Code, § 6-1610; *Sanders* v. *First Nat. Bank of Atlanta,* 189 *Ga.* 450 (6 S. E. 2d, 294); *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410).

*Judgment affirmed with the above direction. Sutton, C.J., and Worrill, J., concur.*