RIPLEY, receiver, *v.* EADY & MAYFIELD.

1. The breach of an ordinary bond, conditioned for the performance of a specified act, does not give to the obligee an absolute right to recover the amount named in the face of the instrument. When such a breach occurs, he should sue for, and is entitled to recover, only the damages actually sustained.

2. A trial judge before whom a demurrer to a petition has been argued, and who reserves his decision thereon, is not bound, before rendering a judgment upon the demurrer, to give the plaintiff an opportunity to amend his petition.

Argued December 12, 1898. — Decided February 3, 1899.

Complaint. Before Judge Reid. City court of Atlanta. February 16, 1898.

*Anderson, Felder & Davis,* for plaintiff.
*Peter F. Smith,* for defendants.

LUMPKIN, P. J. 1. The bill of exceptions in the present case alleges error in sustaining a demurrer to the plaintiff's peti-

tion.   The action was brought by Ripley, as receiver of the
State Savings Bank.   He alleged that Eady & Mayfield, a part-
nership, had made and delivered to the bank a bond in the
sum of $1,000, the condition of which was that if Eady & May-
field failed and refused, on demand, to purchase from the bank
certain shares of stock in a land company at the stipulated
price of $1,000, then the makers of the bond were to be liable
thereon.   The petition alleged that the receiver had duly made
upon the defendants a demand to purchase this stock, which
was tendered to them by him, and that they "refused to accept
said stock or to pay said sum, whereby said Eady & Mayfield
became indebted to petitioner in the sum of $1,000.00, besides
interest at 7 per cent.,   .   .   for which petitioner prays judg-
ment against both of said defendants."   It will thus be seen
that the action was not one for damages because of an alleged
breach of the contract set forth in the bond, but was an action
of assumpsit whereby the plaintiff sought to recover the face of
the bond, with interest, just as if it had been a promissory note.
It is manifest that the action was improperly brought.   See
*Dart* v. *Southwestern Building & Loan Assn.*, 99 *Ga.* 794.   Upon
the facts alleged, the measure of damages which the plaintiff
could recover was the difference between the contract price of
the stock in question and its market value, in case it was really
worth less than $1,000.   The action should have been brought
accordingly, and the necessary facts alleged.

The demurrer presented the proper objection to the plain-
tiff's petition.   The court sustained the demurrer on the ground
that the plaintiff failed to allege that the bank had itself made
a demand upon Eady & Mayfield to purchase the stock.   The
right conclusion was reached, though the reason given for the
same by the judge was not a good one, as not infrequently hap-
pens.   *Lee* v. *Porter*, 63 *Ga.* 346.   When the assets of the bank
went into the hands of the receiver, he had the same right to
make a demand upon Eady & Mayfield as the bank had pre-
viously enjoyed.   The judgment rendered was, however, de-
manded, and will not be set aside merely because it was founded
upon the wrong reason.

2. Another point in the case arose as follows:   After hear-

ing argument on the demurrer, the trial judge reserved his decision for a few days, and then entered an order sustaining the demurrer and dismissing the petition. Counsel for the plaintiff in error complain that the judge should have given them notice of his intention to enter this order, so that they might have an opportunity to amend. We do not understand that the judge was bound to do this. The question at issue had been presented and argued, and nothing was left but for the judge to decide it and frame an order accordingly. Even if the petition was amendable, no offer to amend was presented in due time. The duty of diligently looking after and protecting the plaintiff's interests devolved upon counsel, not upon the judge, who, so far as appears, was not asked at the hearing to grant an opportunity to amend before rendering his decision, in the event he should determine the demurrer was well taken.

*Judgment affirmed. All the Justices concurring.*