## LAMAR, TAYLOR & RILEY DRUG COMPANY *v.* FIRST NATIONAL BANK OF ALBANY.

1. A certificate of deposit, issued by a bank, certifying that a stated sum of money is deposited to the credit of a third person, subject to the check of such third person, and over which no control is reserved to the depositor, is the equivalent of a written promise by the bank to pay such third person the stipulated amount upon presentation of the deposit certificate.

2. But if the bank, in the certificate, stipulates with the depositor that the money is received on deposit to the credit of a third person, and subject to the check of such third person on certain conditions, the promise of the bank to pay such third person is not absolute, but depends upon the contingencies expressed in the certificate.

3. A petition by such third person against the bank, alleging generally that "the conditions of said certificate of deposit have been fully complied with," is open to special demurrer calling for a specific allegation of performance of the conditions precedent as stated in the certificate.

4. The judge is required to call all cases on the appearance docket at the first term, and hear and decide all objections made to the sufficiency of the petition. A trial judge before whom a demurrer to a petition has been heard at the first term may render judgment upon the demurrer at that term, in the absence (without leave of the court) of the plain-

tiff or his counsel, and without allowing time to the plaintiff to amend his petition.

Submitted July 18, 1906.—Decided February 14, 1907.

Complaint. Before Judge Crosland. City court of Albany. November term, 1905.

Lamar, Taylor & Riley Drug Company filed its petition against the First National Bank of Albany, alleging that the bank had issued the following certificate of deposit: "Received of Morris Weslosky and T. D. Sale thirty-three hundred and forty-three and twenty-eight one-hundredths dollars ($3,343.28) on deposit to the credit of Lamar, Taylor & Riley Drug Company, subject to their check on the completion of the inventory of the Sale Davis branch of the C. M. Shivers Drug Company. Notice of the completion and acceptance of the inventory to be given the First National Bank by Morris Weslosky and T. D. Sale. [Signed] First National Bank of Albany, Georgia, by P. W. Jones, A. Cashier;" that petitioner is the owner and holder of this certificate; that the conditions of this certificate have been fully complied with; that the inventory specified has been completed; that one of the duplicate copies of this inventory has been given to the bank. It is further alleged, that upon the completion of the specified inventory, Weslosky and Sale at once took possession of the Sale Davis branch store, stock, fixtures, furniture, etc., therein contained; that before taking possession of said store petitioner notified Weslosky and Sale in writing "that the taking possession of said property would be considered and treated as the full, final, and complete acceptance on their part of the inventory, and as authorizing petitioner to demand and the First National Bank of Albany to pay the amount deposited with said bank by the said Morris Weslosky and T. D. Sale to the credit of petitioner, over to petitioner without further notice on the part of the said Morris Weslosky and T. D. Sale to said bank;" that they, by taking possession of the stock, fixtures, etc., after such notice, waived the giving of any other notice to the bank of the completion and acceptance of the inventory, and authorized said bank to pay the amount shown by said certificate of deposit, without further notice upon their part; that Weslosky and Sale are still in possession of the business; that the money represented by the certificate of deposit was a part of the purchase-price of this business; that the

29

taking possession of the business was an acceptance of the inventory by Weslosky and Sale; that on August 3, 1905, petitioner drew its draft on defendant for the amount represented by the certificate of deposit, attaching the certificate to the draft, and the bank failed and refused to pay the draft or honor the certificate of deposit; that before filing this petition plaintiff made formal demand on defendant for the amount represented by the certificate, accompanying the demand by a draft for that amount; and offering to surrender the certificate of deposit, and that the bank, in response to this demand, refused "to honor said draft or to cash said certificate of deposit."

The defendant filed a general demurrer to the petition, and also a special demurrer to certain paragraphs as failing to allege that the conditions of the certificate of deposit had been complied with, "in this, to wit, that Morris Weslosky and T. D. Sale had given notice to this defendant of the completion and acceptance of the inventory of the Sale Davis branch of the C. M. Shivers Drug Company." On the call of the case at the appearance term, after argument of counsel for the defendant, and in the absence of the plaintiff's counsel, the presiding judge sustained both the general and the special demurrers. The plaintiff excepted.

Lane & Park, for plaintiff.

Walters & Walters, for defendant.

Evans, J. 1-3. A certificate of deposit issued by a bank, certifying that the depositor has deposited a stated sum of money subject to his order, is the equivalent of a promissory note payable on demand. Lynch v. Goldsmith, 64 Ga. 42. Where the certificate of deposit recites that the money is deposited to the credit of a third person, subject to the check of such third person, and no control over it is reserved to the depositor, it is equivalent to a promise by the bank to pay such third person upon presentation of the certificate of deposit. The recital that a particular person made the actual deposit of the money to the credit of another does not alter the legal character of the certificate, but amounts to a mere statement of the source from which the bank received the money. In such a case the beneficiary of the deposit is the payee, who may maintain an action against the bank for an unwarranted refusal to pay him the funds deposited to his credit. But if the bank, in its certificate of deposit, stipulates with the

depositor that the money is received on deposit to the credit of a third person, and subject to the check of such third person on certain conditions, the promise of the bank to pay such third person is not absolute, but depends upon the contingencies expressed in the certificate. We are not concerned at present with the relative rights and liabilities of Weslosky and Sale to the bank. The payee of the certificate is the party seeking to compel the bank to pay the money to it. Before it can recover the money it must allege and prove that it is entitled to receive the same. An undertaking to pay a definite sum of money on demand, provided a certain act is done, is not enforceable until the condition on which the money is payable has been performed. *Baker* v. *Tillman,* 84 *Ga.* 401. The bank engaged to hold this money subject to the check of the plaintiff, on two conditions: (1) On the completion of the inventory of the Sale Davis branch of the C. M. Shivers Drug Company; (2) "Notice of the completion and acceptance of the inventory to be given the First National Bank by Morris Weslosky and T. D. Sale." Treating the certificate of deposit as the equivalent of a promissory note by the bank, as maker, to the drug company as payee, the bank is only liable thereon upon the performance of the conditions therein named. The petition alleged that "the conditions of said certificate of deposit have been fully complied with;" and this allegation was met by a special demurrer calling for a specific allegation that the conditions precedent to its liability had been performed in the manner stipulated. The bank was not liable until Weslosky and Sale notified it of the completion and acceptance of the inventory of the Sale Davis branch of the C. M. Shivers Drug Company. It was entitled to a specific allegation in the petition of every essential fact upon which its liability to the plaintiff depended. The giving of the notice was one of the essentials of liability, and the plaintiff was bound to allege it when called for by special demurrer. The other allegations of the petition do not excuse the giving of the notice. It may be that Weslosky and Sale arbitrarily, or without sufficient reason, refused, or negligently failed, to give this notice to the bank. If this be true, the plaintiff, in an appropriate proceeding against Weslosky and Sale, might secure a judgment or decree compelling them to give the notice so as to render the bank liable to the drug company on its certificate. But the bank can not be forced, in a proceeding

where Weslosky and Sale are not parties, and where they would not be bound by the judgment, to litigate this matter with the plaintiff. The bank is sought to be held liable on its own obligation, and it is entitled to an allegation of all the essential elements necessary to impose liability by the terms of its obligation. This ground of the special demurrer was therefore properly sustained.

4. The plaintiff in error also complains that the demurrers to the petition were sustained at the appearance term, during the absence of his counsel. The judge is required to call all cases on the appearance docket at the first term, and hear and decide all objections made to the sufficiency of the petition. Civil Code,. § 5045. A litigant should personally or by counsel attend each stage of his case, where the court is required to take action. The voluntary absence of either furnishes no hindrance for the orderly action of the court. A trial judge before whom a demurrer to a petition has been argued at the first term may render judgment upon the demurrer at that term in the absence (without leave of the court) of the plaintiff or his counsel, and without giving time to the plaintiff to amend his petition. *Ripley* v. *Eady*, 106 *Ga.* 422. He may provide, in his order sustaining a special demurrer, that the plaintiff have an opportunity to amend so as to meet the special demurrer; but he is not bound to do so,. especially where no request is made for time in which to amend.

*Judgment affirmed. All the Justices concur, except Fish, C. J.,. absent.*