8740. THOMAS v. CHATTANOOGA RAILWAY & LIGHT COMPANY.

WADE, C. J. 1. Under the facts as pleaded, no recovery would have been authorized on account of the alleged acts of negligence; and hence the original declaration in attachment was subject to the general demurrer.

2. In addition to the general demurrer there were several special grounds of demurrer to the declaration in attachment; upon the presentation of which counsel for the plaintiff stated "that he would amend to meet the special demurrers." The court inquired if the amendment was ready, and counsel answered that it was not, but that he would prepare it; whereupon the court responded by saying, "I will sustain the demurrer," and immediately entered up judgment, sustaining the demurrer on each and every ground thereof, and dismissed the declaration.

(a) The demurrer was filed on the day the judgment sustaining it was entered, but it does not appear, from any recital in the bill of exceptions, that counsel for the plaintiff did not have a sufficient opportunity to prepare any necessary amendment after knowledge that the demurrer had been filed and before it was brought to the attention of the court and insisted upon in argument; and hence this court can not say that the trial judge abused the discretion vested in him, or infringed upon the rights of the plaintiff in declining to allow further time in which to prepare such amendment.

(b) Aside from the ruling above, it does not appear, from any recital in the bill of exceptions, that the trial court knew, from any oral or written presentation thereof at the time, what precise amendments were proposed; and hence it would be impossible for this court to determine whether such amendments would have so far removed the defects in the original declaration, pointed out by the demurrer, as finally to set forth a cause of action. Gibson v. Gross, 143 Ga. 104 (3) (84 S. E. 373); Douglass v. Williams Art Co., 143 Ga. 846, 848 (85 S. E. 993); Wall v. Seaboard Air-Line Railway, 18 Ga. App. 457 (6) (89 S. E. 533); Bryant v. Bank of Covington, 18 Ga. App. 526 (2) (89 S. E. 1049).

Judgment affirmed. Jenkins and Luke, JJ., concur.

DECIDED NOVEMBER 1, 1917.

Action for damages; from Catoosa superior court—Judge Tarver. February 5, 1917.

W. E. Mann, M. L. Harris, for plaintiff.

W. H. Payne, for defendant.