BANK OF NORMAN PARK *v.* COLQUITT COUNTY *et al.*

No. 7700. FEBRUARY 11, 1931.

*Park & Strozier,* for plaintiff in error.
*P. Q. Bryan* and *W. G. Martin,* contra.

ATKINSON, J. 1. When this case was formerly before this court on demurrer to the defendant's answer it was held: "Section 19 of article 7 of the act of 1919, creating the banking department of this State, gave to counties priority of payment of debts due them by an insolvent bank over all other debts except those due the State; and where Colquitt County in 1922 deposited its funds in the Bank of Norman Park, under said act its right to priority of payment thereunder became vested; and where the bank became insolvent after the passage of the act of August 25, 1927 (Ga. Laws 1927, pp. 195, 199), the right of the county to priority of payment under the act of 1919 was not divested by reason of the passage of said act of 1927." *Bank of Norman Park* v. *Colquitt County,* 169 *Ga.* 534 (5) (150 S. E. 841).

2. On the subsequent trial the following facts appeared: On December 22, 1922, the treasurer of the county deposited in the bank $11,000. This deposit was evidenced by two demand certificates of deposit, one for $5,000, and one for $6,000. Each of these was dated on December 22, 1922, was payable to the order of the treasurer on the return of the certificate properly indorsed, "with interest at the rate of 5 per cent. per annum if left 6 months. Interest to cease after 6 months, unless renewed." These certificates were renewed every six months. At the expiration of every six-months period the Moultrie Banking Company, which acted for the treasurer, would call the bank's attention to the certificates,

the bank would pay accrued interest, take up and cancel the old certificates, and issue new ones for the deposit. All the canceled certificates were in evidence, having been produced from the files of the bank. Each of these had an indorsement to the effect that it was "renewed by C. D.," each indorsement bearing the number of the new certificate, except that only two of them bore only the indorsement of the treasurer. Each new certificate was in the same form as the original. Each bore the above-quoted provision as to interest. The last renewals were dated December 22, 1927.

The several subsequent certificates of deposit were successive renewals of the original certificates issued in 1922, and did not amount to novations (Civil Code, § 3543; *Partridge* v. *Williams*, 72 *Ga.* 807; *Lynch* v. *Goldsmith*, 64 *Ga.* 42; *Lamar, Taylor & Riley Drug Co.* v. *First National Bank*, 127 *Ga.* 448 (56 S. E. 486); 20 R. C. L. 365); and therefore the priorities provided by the act of 1927 (Ga. L. 1927, pp. 195, 199) would not be applicable in lieu of the priorities provided by section 19 of article 7 of the act of 1919 (Ga. L. 1919, p. 159). The judge, trying the case by consent without a jury, did not err in rendering judgment declaring a priority for the county for the full amount of its deposit.

*Judgment affirmed. All the Justices concur except Beck, P. J., absent for providential cause.*