DECIDED SEPTEMBER 21, 1932.

*H. M. Morris,* for plaintiff.   *W. B. Cody,* for defendants.

**21914.   ABERNATHY v. NEWS PUBLISHING COMPANY.**

JENKINS, P. J.   The plaintiff alleged the publication by the defendant in its newspaper of the following defamatory statement: "Lother Abernathy, white man. Lother Abernathy, white man, while drunk Friday afternoon, was acquitted by a jury in Floyd superior court, the jury taking only a short while to find the verdict." It was alleged that the publication of this statement in the defendant's newspaper constituted a libel, in that the statement was false, malicious, defamatory, and untrue, and tended to injure the reputation of the plaintiff, and did expose him to public hatred, contempt, and ridicule; that the falsity of the publication was known to the defendant, and that the publication charged the plaintiff with a crime, to wit, appearing in the superior

court of Floyd county in an intoxicated condition. The court sustained a general and special demurrer and dismissed the petition. *Held:*

1. "Any false and malicious defamation of another in any newspaper, magazine, or periodical, tending to injure the reputation of any individual and expose him to public hatred, contempt, or ridicule, shall constitute a newspaper libel, the publication of such libelous matter being essential to recovery." Civil Code (1910), § 4431.

2. "In all actions for printed or spoken defamation, malice is inferred from the character of the charge. The existence of malice may be rebutted by proof, which in all cases shall go in mitigation of damages, and in cases of privileged communications it will be in bar of·recovery." Civil Code (1910), § 4429.

3. While the language of the publication in the instant case did not charge the plaintiff with the commission of a crime, since it was not stated that his drunkenness at a place of public gathering or assembly (a session of the superior court) was made manifest by any of the methods required by the Penal Code (1910), § 442, it could not be said as a matter of law that the language of the publication did not tend to injure the reputation of the plaintiff or to expose him to public hatred, contempt, or ridicule. *Giles* v. *State*, 6 *Ga.* 276, 283; *Stewart* v. *Swift Specific Co.*, 76 *Ga.* 280, 283 (2 Am. St. R. 40). Since it was alleged that the publication was malicious, and since it does not appear from the averments of the petition that the publication constituted a "fair and honest report" of a court proceeding, and was therefore privileged (Civil Code of 1910, § 4432), the court erred in sustaining the general demurrer.

4. The petition was, however, subject to the ground of special demurrer which called upon the plaintiff to allege whether or not the quoted words constituted the entire publication, and, if such was not the case, to set forth the entire publication. This the defendant was entitled to have done, in order to show, if it could, that the printed excerpt, when taken in connection with the entire publication, was not susceptible of being construed as libelous per se. A petition should not be *dismissed*, however, upon special demurrer without affording the plaintiff an opportunity to amend. *McSwain* v. *Edge*, 6 *Ga. App.* 9, 11 (64 S. E. 116). Since the court sustained the general grounds of demurrer, and the petition set forth a cause of action good as against general demurrer, the judgment will be reversed, leaving the matters in respect to the special demurrer open for further action in the trial court (*Brown* v. *Milledgeville*, 20 *Ga. App.* 392 (4) (93 S. E. 25), and leaving for the determination of the jury, in the event the case should go to them, the question whether the particular language employed could be construed as malicious. *Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 21, 1932.

*Porter & Mebane,* for plaintiff.

*Maddox, Mathews & Owens,* for defendant.