30125. HIGGINS *v.* OTIS ELEVATOR COMPANY.

Decided June 26, 1943.

*O. Lee White,* for plaintiff.   *Sidney Smith,* for defendant.

FELTON, J. (After stating the foregoing facts.) The only questions ripe for decision in this case are whether there was enough in the petition to amend by and whether if so the plaintiff was entitled to the right to amend after he had requested such right before the action was dismissed on demurrer and the judge had promised such opportunity if there was enough in the petition to amend by.

1. The general rule is that an independent contractor is not liable for injuries occurring to a third person after the contractor has completed the work and turned it over to the owner or employer and it has been accepted by him, even though the injury results from the contractor's failure to properly carry out his contract. *Young* v. *Smith & Kelly Co.,* 124 *Ga.* 475 (52 S. E. 765, 110 Am. St. R. 186, 4 Ann. Cas. 226) ; 27 Am. Jur. 534, § 55. There is an exception to the rule where the independent contractor turns over the work which is inherently or intrinsically dangerous or

so negligently defective as to be imminently dangerous to third persons. 27 Am. Jur. 535, 536, § 56. This would seem to be true especially where there is a continuous duty of inspection upon the part of the independent contractor. We are of the opinion that the petition contained enough to amend by under Code § 81-1302. The petition alleged that plaintiff was informed and believed that the fire was caused by an explosion in the elevator mechanism. Such an allegation is subject to demurrer but is amendable. *Southern Railway Co.* v. *Rollins,* 45 *Ga. App.* 270 (164 S. E. 216).

2. Where a judge takes demurrers under advisement and where the right to amend is requested of the court before judgment such right should be given before dismissal of the action or pleadings if there is enough to amend by. *Ripley* v. *Eady,* 106 *Ga.* 422 (32 S. E. 343); *Tinsley* v. *Maddox,* 176 *Ga.* 481 (168 S. E. 297). It has often been held that opportunity should be given to amend where pleadings were found subject to special demurrer. *Abernathy* v. *News Publishing Co.,* 45 *Ga. App.* 693 (165 S. E. 924); *McSwain* v. *Edge,* 6 *Ga. App.* 9, 11 (64 S. E. 116); *Brown* v. *Milledgeville,* 20 *Ga. App.* 392 (93 S. E. 25); *Avery* v. *Bower,* 170 *Ga.* 202 (152 S. E. 239); *Galloway* v. *Mitchell County Electric Membership Corp.,* 190 *Ga.* 428 (9 S. E. 2d, 903); *Sutton* v. *Adams,* 180 *Ga.* 48 (178 S. E. 365); *Sammons* v. *Nabers,* 186 *Ga.* 161 (197 S. E. 284); *Southern Ry. Co.* v. *Rollins,* supra. It would therefore seem that a party would have the same right of amendment in case of a general demurrer if there was enough to amend by. See in this connection *Owens* v. *Owens,* 190 *Ga.* 191 (8 S. E. 2d, 644), and cit.

The petition contained enough to amend by and the court erred in dismissing the action on demurrers, when, at the time the court took the demurrers under advisement, the plaintiff requested the opportunity to amend and the judge promised the opportunity to amend in the event there was enough to amend by. Whether the court would have been right in the action taken if no question of the right to amend had been made is a matter which is not properly before the court at this time. If an amendment is filed the judge may have different questions presented. The case will be treated as if no action had been taken on the demurrers up to the present time so there is no necessity for permission to

590

allow the present bill of exceptions to be treated as exceptions pendente lite below.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*