There were sufficient allegations in the petition by which to amend. The court erred in sustaining the demurrers to the petition, and in dismissing the action, without allowing the plaintiff opportunity to amend, since the judge had promised the plaintiff, upon request, that she would *Page 585 
be allowed to amend the petition if there was anything in the petition by which to amend.
 DECIDED JUNE 26, 1943.
Louise Higgins brought this action against the Otis Elevator Company for damages for personal injuries alleged to have been sustained when she was forced to jump from a burning building. The petition alleged substantially: 1. That the defendant is a corporation having an office, with a general agent in charge . . and place of doing business in Fulton County, Georgia, and is and was so engaged . . on November 19, 1936 . .; 2. That defendant has injured and damaged your petitioner in the sum of $2,900. .; 3. That for many years previous to and including November 19, 1936 Mrs. Susan Calhoun Oglesby and Mrs. Harriet Calhoun Witham were the owners of an undivided life estate in the land and building known as 84 Broad Street in the City of Atlanta; 4. That the Cable Company, the Cable Piano Company and the Atlanta Conservatory of Music held leases on November 19, 1936, on various portions of the building described in the foregoing paragraph; . . 6. That the Otis Elevator Company a number of years ago. . manufactured, furnished and installed two elevators in the store and office building described in this petition, which elevators ran from the basement to the top floor thereof, and which building was some five or six stories in height . . used as a passenger and freight elevator by the various lessees, occupants, customers, patrons and guests of said lessees and occupants, and by plaintiff in particular, plaintiff having been in the habit of coming in and out of said building in the course of her usual vocation over a period of years immediately preceding the fire set out in this petition, and that in about the year 1932 the Otis Elevator Company entered into a contract of employment, copy of which is not in the possession of the plaintiff, but is in the possession of the defendant, Otis Elevator Company; it being further alleged that the Otis Elevator Company was under legal duty to properly and sufficiently inspect and repair the two elevators in said building and their housing, hoisting and all other apparatus and parts and appurtenances of all of the elevators in said building, and immediately report to the owners, life tenants, *Page 586 
lessees and invitees of said building, all defects and faulty condition of the installation, condition and construction and all dangerous hazards in connection with all of said elevators in said building, their electrical housing, hangars, motors, electrical wiring, runners, and all other contraptions in connection with said elevators, and that the Otis Elevator Company was under further legal duty to . . specifically plaintiff, to post notices and warnings, and to hold up, suspend, forbid and warn patrons, including plaintiff, of and from the use of said elevators while the same were in dangerous and unsafe condition that they were in at the time of the fire, as set out in this petition, it being alleged by plaintiff that said elevators, their housing, hoisting, motors, electrical and other operating apparatus and appurtenances at the time of said purported inspection by defendant and immediately preceding and at the time of said fire . . causing said elevators to be in a faulty, unsafe and dangerous condition, and unfit for safe travel thereon by plaintiff at the time of said fire . . it being further alleged that said elevators, and their various housing, hoisting, hangars, runners, motors, electrical and other operating apparatus did not measure up to the requirements of the latest issue of the safety code for elevators prepared by the American Standards Association, which regulations were the legal code of the City of Atlanta, approved February 3, 1933, reading as follows: . . but that defendant negligently and carelessly failed to properly inspect or repair or to warn plaintiff of the danger in said elevators and their appurtenances thereto . . although it is alleged that defendant acting by and through its authorized agents and employees carelessly and negligently caused said fire complained of in this petition to originate in said elevators and in all of those portions of all elevator apparatus and appurtenances thereto as set out in this petition, nor to warn plaintiff thereof, nor of the fire hazard caused thereby, nor of the fire hazard of remaining in said building created by the unsafe condition of said elevators and appurtenances thereof, as alleged in this petition, nor the fire hazard caused by all of the alleged acts of omission and commission on the part of the defendant acting by and through its authorized agents . . all of which it is alleged was apparent to defendant, and defendant acting by and through its duly authorized agents and employees, or could and should have been apparent had defendant's agents *Page 587 
and employees been in the exercise of ordinary care, skill and diligence required of defendant under circumstances set out in this petition, all of which acts of omission and commission of defendant acting by and through its duly authorized agents and employees being charged as a violation of the duties defendant owed to plaintiff, and all of which is charged as negligence on the part of defendant, and was the direct and proximate cause of said fire, and of plaintiff's injuries, suffering, loss and damages . . That Atlanta Conservatory of Music occupied the fifth floor and also utilized two studios on the sixth floor of said building, with and under which corporation your petitioner was studying, practicing and attending classes, for the purpose of securing a degree, and from time to time assisted said corporation in the conduct of its business, and as such was an invitee in the studio wherein plaintiff was, on the fifth floor of said building at the time of the fire, all with the actual or constructive knowledge, acquiescence and consent of the Atlanta Conservatory of Music and the Otis Elevator Company, or which defendant could and should have known by the exercise of ordinary care and diligence; 8. That on the 19th day of November, 1936, about 12:30 p. m., fire broke out in said building which your petitioner is informed and believes resulted from an explosion in certain of the elevator apparatus located in the pent house above the sixth floor of said building, which explosion was the result of the negligence of defendant, its agents and employees, and of negligently defective wiring of the electrical lines connected with the operation of said elevator thereby igniting the timbers adjacent to the roof of the sixth floor of the building, which timbers, after being burned to some extent, fell from their fastenings onto the sixth floor, spreading the fire by reason of certain refuse which was negligently stored on the sixth floor and causing the spread of the fire and smoke therefrom throughout the fifth floor of the building, all as the direct and proximate result of the negligence of said defendant, all which defendant knew and anticipated, or could by the exercise of ordinary care and diligence have known and anticipated; 9. That by reason of the negligence of defendant, the fire spread so rapidly as to imprison petitioner in the studio where she was attending classes and resulted proximately in the injuries for which plaintiff sues . . and by the time any alarm reached petitioner her means of *Page 588 
escape was cut off from the hallway leading to the exits . . and petitioner was forced, in order to save her life and in an emergency through the negligence of the defendant, to jump from the window of her studio to the roof of an adjoining building some twenty-five feet below said window, causing the injuries and damages.
We have not set out all of the allegations of the petition which is in 22 paragraphs and 21 pages, because of the issue on which the case will be decided. We have, we think, set out enough of the allegations of the petition to illustrate that issue.
To the petition there were interposed general and special demurrers. Counsel for the plaintiff requested the court that if any of the demurrers were sustained, he be given an opportunity to amend his petition in order to meet the demurrers. At the time the judge took the demurrers under advisement he advised counsel that if he decided to sustain any of the demurrers he would be given the opportunity to amend if there was anything in the petition to amend by. Later, the judge sustained all of the demurrers to the petition and dismissed the action without allowing the plaintiff opportunity to amend. Plaintiff contends that there are sufficient allegations in the petition by which to amend and that it was error for the judge to dismiss the petition without giving him the opportunity to amend.
The only questions ripe for decision in this case are whether there was enough in the petition to amend by and whether if so the plaintiff was entitled to the right to amend after he had requested such right before the action was dismissed on demurrer and the judge had promised such opportunity if there was enough in the petition to amend by.
1. The general rule is that an independent contractor is not liable for injuries occurring to a third person after the contractor has completed the work and turned it over to the owner or employer and it has been accepted by him, even though the injury results from the contractor's failure to properly carry out his contract. Young v. Smith Kelly Co., 124 Ga. 475
(52 S.E. 765, 110 Am. St. R. 186, 4 Ann. Cas. 226); 27 Am. Jur. 534, § 55. There is an exception to the rule where the independent contractor turns over the work which is inherently or intrinsically dangerous or *Page 589 
so negligently defective as to be imminently dangerous to third persons. 27 Am. Jur. 535, 536, § 56. This would seem to be true especially where there is a continuous duty of inspection upon the part of the independent contractor. We are of the opinion that the petition contained enough to amend by under Code § 81-1302. The petition alleged that plaintiff was informed and believed that the fire was caused by an explosion in the elevator mechanism. Such an allegation is subject to demurrer but is amendable. Southern Railway Co. v. Rollins, 45 Ga. App. 270
(164 S.E. 216).
2. Where a judge takes demurrers under advisement and where the right to amend is requested of the court before judgment such right should be given before dismissal of the action or pleadings if there is enough to amend by. Ripley v. Eady, 106 Ga. 422
(32 S.E. 343); Tinsley v. Maddox, 176 Ga. 481
(168 S.E. 297). It has often been held that opportunity should be given to amend where pleadings were found subject to special demurrer.Abernathy v. News Publishing Co., 45 Ga. App. 693
(165 S.E. 924); McSwain v. Edge, 6 Ga. App. 9, 11 (64 S.E. 116);Brown v. Milledgeville, 20 Ga. App. 392 (93 S.E. 25);Avery v. Bower, 170 Ga. 202 (152 S.E. 239); Galloway v.Mitchell County Electric Membership Corp., 190 Ga. 428 (9 S.E.2d 903); Sutton v. Adams, 180 Ga. 48 (178 S.E. 365);Sammons v. Nabers, 186 Ga. 161 (197 S.E. 284); SouthernRy. Co. v. Rollins, supra. It would therefore seem that a party would have the same right of amendment in case of a general demurrer if there was enough to amend by. See in this connectionOwens v. Owens, 190 Ga. 191 (8 S.E.2d 644), and cit.
The petition contained enough to amend by and the court erred in dismissing the action on demurrers, when, at the time the court took the demurrers under advisement, the plaintiff requested the opportunity to amend and the judge promised the opportunity to amend in the event there was enough to amend by. Whether the court would have been right in the action taken if no question of the right to amend had been made is a matter which is not properly before the court at this time. If an amendment is filed the judge may have different questions presented. The case will be treated as if no action had been taken on the demurrers up to the present time so there is no necessity for permission to *Page 590 
allow the present bill of exceptions to be treated as exceptions pendente lite below.
Judgment reversed. Stephens, P. J., and Sutton, J., concur.