18681. LIPSCOMB *et al.* *v.* CITY OF CUMMING *et al.*

HAWKINS, Justice. 1. While the charter of the City of Cumming (Ga. L. 1935, pp. 1001, 1037) does not expressly authorize the city to supply water from its city water system to customers outside its corporate limits (*Mayor &c. of Gainesville* v. *Dunlap*, 147 *Ga.* 344, 94 S. E. 247; *City of Cornelia* v. *Wells*, 181 *Ga.* 554, 183 S. E. 66), since the enactment of that charter by the General Assembly and the rendition of the above decisions, the General Assembly enacted the Revenue Certificate Law of 1937, as amended by the act approved March 14, 1939 (Code, Ann. Supp., Chapter 87-8), which provides, among other things: that, "In addition to the powers which it may now have, any municipality shall have power under this Chapter . . . to extend any undertaking [authorized by the act, including the construction, maintenance, and operation of a water works system] wholly within or wholly without the municipality, or partially within and partially without the municipality," and "To operate and maintain any undertaking for its own use, for the use of public and private consumers, and users within and without the

territorial boundaries of the municipality." In *Reed* v. *City of Smyrna,* 201 *Ga.* 228 (7) (39 S. E. 2d 668), this court held: "When the Revenue Certificate Law of 1937 and the Constitution of 1945 were adopted, the provisions of each as to revenue certificates became a part of the charter of every municipality of the State." See also *DeJarnette* v. *Hospital Authority of Albany,* 195 *Ga.* 189, 190 (5) (23 S. E. 2d 716); *Hagans* v. *Excelsior Electric Membership Corp.,* 207 *Ga.* 53, 54 (3) (60 S. E. 2d 162).

2. Applying the foregoing principles to the allegations of the petition in this case, which sought to enjoin the City of Cumming from constructing a water line and furnishing water to customers because they were located outside the corporate limits of the city, it failed to state a cause of action, and the trial judge did not err in sustaining the general demurrer thereto. While counsel for the plaintiffs in error in their brief question the wisdom of the grant of such broad powers to municipalities as are contained in the Revenue Certificate Law, the Constitution of 1945 (Code, Ann., § 2-6005) authorizes the grant of such powers, and by that the courts are bound and have nothing to do with the reasonableness, wisdom, policy, or expediency of the law. *Cade* v. *State,* 207 *Ga.* 135, 140 (60 S. E. 2d 763).

3. The demurrer here contained both general and special grounds. The bill of exceptions recites that, after argument was had thereon, plaintiffs' counsel requested that they have time to amend said petition in the light of said demurrer; and that, without passing upon the request of counsel for permission to amend, the court entered an order sustaining the demurrers and dismissing the petition; and error is assigned thereon because the court sustained the demurrers without passing upon the request for leave to amend and granting plaintiffs time to amend. The record does not disclose what amendment the plaintiffs proposed to make to the petition, and this court cannot determine whether the amendment, if offered, would have cured the defects in the original petition, or whether the failure to grant the request of the plaintiffs' counsel was harmful error. As was held in *Owens* v. *Rutherford,* 200 *Ga.* 143, 152 (36 S. E. 2d 309), "We have here an instance where the court properly sustained a general demurrer, and it has been specifically held that in such a case the trial judge is not obliged to permit the plaintiff to amend." See also *Thomas* v. *Chattanooga Ry. &c. Co.,* 21 *Ga. App.* 172 (94 S. E. 50).

*Judgment affirmed. All the Justices concur.*

Submitted September 13, 1954—Decided October 11, 1954.

R. *Wilson Smith, Jr., Leon Boling,* for plaintiffs in error.
A. B. *Tollison, Wood & Tallant, Butt & Spence,* contra.