35490. LONDON *v.* ATLANTA TRANSIT COMPANY *et al.*

754

Decided March 15, 1955—Rehearing denied March 29, 1955.

*Phillips, Johnson & Williams,* for plaintiff in error.

*Robert L. Marchman, Russell M. Striplin, Crenshaw, Hansell, Ware & Brandon, A. Paul Cadenhead, Nall, Sterne & Miller, A. Walton Nall,* contra.

QUILLIAN, J. ■ We will first consider the question as to whether the petition set forth a cause of action against the defendant C. L. Fain Company.

The allegations show that, because of the proximity of Demsey's jeep to the bus when the bus was brought to a sudden stop, Demsey was unable to bring the jeep to a stop without colliding with the rear end of the bus. For the same reason it appears that it was not within the power of the Fain driver to stop before reaching the point where the bus stopped. The petition alleges that the Fain vehicle and the Demsey car were "practically alongside" each other in different lanes of traffic; that, when the bus suddenly stopped, Demsey did not have time to stop his jeep before colliding with the rear of the bus. It is not shown that the Fain Company's vehicle was being driven at a slower rate of speed than the jeep, or for any other reason its driver had a better opportunity to stop before reaching a point even with the back of the bus. One cannot be charged with negligence in failing to do that which was not within his power to accomplish.

One who observes another placed by emergency in a position of peril is under the duty to exercise ordinary diligence in an effort to extricate him from his dilemma, but is not required to jeopardize his own safety or that of other innocent persons in making the rescue.

In the present case the petition alleged that the Fain Company's driver saw Demsey in the dilemma, but it did not show that he could have reduced the speed of the Fain Company's vehicle with sufficient promptness to allow Demsey to enter the inside traffic lane and pass the bus and avoid colliding with it, without at the same time incurring peril to himself and motorists following him in the same lane of traffic.

The allegations of the petition, failing to show any duty on the part of the defendant Fain Company driver to slacken the speed of the company's vehicle, does not charge the defendant with actionable negligence.

■ The petition set forth facts sufficient to show a violation of a statute by the transit company's driver, though the petition neither refers to the statute or characterizes the act as unlawful. Code § 68-303 (f).

That the consequence of this act of negligence was the proximate cause of the injury sustained by the plaintiff, was shown by the allegations that the bus stopped suddenly; that Demsey, the driver of the jeep, did not have time to stop the jeep without

striking the rear end of the bus, and in an effort to avoid a collision with it, turned the jeep across the street, striking the automobile in which the plaintiff was riding, resulting in the alleged injuries to her, the alleged nature and extent of her injuries, and consequent expense incident to her medical treatment.

In determining whether the petition alleges a cause of action against Atlanta Transit Company, we must decide whether the thing that the driver of the bus is alleged to have done constituted negligence, and whether it can fairly be inferred from the averments that this negligence was the proximate cause of the plaintiff's injuries. In *Cochran* v. *Kendrick*, 43 *Ga. App.* 135 at 139 (158 S. E. 57), it is said: "When the allegations of the petition as amended are measured by the rule that a cause of action is some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage (*Ellison* v. *Ga. R. Co.*, 87 *Ga.* 691, 699, 13 S. E. 809), it sets out a cause of action. Therefore, we hold that the general demurrer to the petition is not meritorious."

Negligence per se in violating a public law will support a cause of action when the person injured belonged to the class intended to be protected by the statute. *Platt* v. *Southern Photo Material Co.*, 4 *Ga. App.* 159 (60 S. E. 1068).

It is clear from the allegations of the petition that the stopping of the bus on a public street without giving the signal required by the statute was a violation of a public law and negligence per se.

That this act of negligence resulted in and was the proximate cause of the plaintiff's injuries, is made to appear by the allegations that the bus was stopped 40 feet ahead of the jeep operated by Homer Demsey; that Demsey did not have time after the bus stopped in the manner alleged to stop the jeep without colliding with the rear of the bus; that, in order to avoid this collision, he turned the jeep sharply across the street, and in doing so struck the automobile in which the plaintiff was riding, and that the plaintiff was injured in the collision.

The defendants contend that the allegation that the bus stopped suddenly was a conclusion of the pleader. We do not agree. It was an allegation of fact, and hardly could a better descriptive word characterizing a sudden stop be employed than is

the word "sudden" itself. Nor was the allegation that, when the bus stopped suddenly and without warning, Demsey did not have time to bring his jeep to a stop without colliding with the rear end of the bus, a conclusion of the pleader. While the speed at which Demsey was driving the jeep was not alleged, the distance between the two vehicles was shown to have been only forty feet. The allegation that Demsey could not stop his jeep without colliding with the rear end of the bus is supported by the averment of so short a space between the vehicles. See, in this connection, *Houston* v. *Taylor,* 50 *Ga. App.* 811 (179 S. E. 207); *Cochran* v. *Kendrick,* 43 *Ga. App.* 135, 138 (158 S. E. 57). The *Houston* case is controlling as to the present one for the reason that the petitions in the two cases are so similar that we can see no material difference between them.

■ The plaintiff complains that the trial judge, upon sustaining the general demurrers, did not give her an opportunity to amend her petition to meet the demurrer. The record does not disclose what amendments the plaintiff proposed to make. This point is controlled by *Lipscomb* v. *City of Cumming,* 211 *Ga.* 55 (3) (84 S. E. 2d 3), in which it is stated: "The record does not disclose what amendment the plaintiff proposed to make to the petition, and this court cannot determine whether the amendment, if offered, would have cured the defects in the original petition, or whether the failure to grant the request of the plaintiff's counsel was harmful error." This contention is without merit for the reasons assigned.

*Judgment affirmed in part and reversed in part. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment and the rulings in divisions one and two of the opinion. I concur specially in the ruling in division three. The trial judge is not required to allow time for an amendment where he takes demurrers to a petition under advisement and renders judgment at chambers when there is no request for time in which to amend, as in this case. *Ripley* v. *Eady,* 106 *Ga.* 422 (32 S. E. 343); *Tinsley* v. *Maddox,* 176 *Ga.* 471 (168 S. E. 297); *Higgins* v. *Otis Elevator Co.,* 69 *Ga. App.* 584 (26 S. E. 2d 380). Where a request is made for time in which to amend and no opportunity to amend is given, it is not necessary for the reviewing court to

know what amendment the amending party proposed to make. In *Owens* v. *Rutherford*, 200 *Ga.* 143 (36 S. E. 2d 309), cited in *Lipscomb* v. *City of Cumming*, supra, there was no request to amend and a refusal by the court, and the decision takes notice of such fact. The cases cited in *Thomas* v. *Chattanooga Ry. &c. Co.*, 21 *Ga. App.* 172 (94 S. E. 50), also in *Lipscomb* v. *City of Cumming*, supra, are all cases where specific amendments were tendered and allowance was refused and the contents of the proffered amendments were not properly brought to the reviewing court. See *Wells* v. *Butler's Builders' Supply Co.*, 128 *Ga.* 37 (57 S. E. 55); *Lytle* v. *DeVaughn*, 81 *Ga.* 226 (7 S. E. 281).