41660. WOODWARD v. POWELL et al.

80

ARGUED JANUARY 10, 1966—DECIDED FEBRUARY 8, 1966.

*Lucio L. Russo, Russo & Russo, Ed B. Flowers,* for appellant.
*Reed, Flournoy & Tate, Berl T. Tate,* for appellees.

JORDAN, Judge. This was a suit by the plaintiff to recover damages for personal injuries allegedly sustained by her during the course of her employment because of the failure of the defendant employers to provide her with a safe place to work. The trial court sustained the defendants' general demurrers and dismissed the petition without giving the plaintiff leave to amend and the appeal is from that judgment.

■ Counsel for the plaintiff-appellant conceded in his oral argument before this court that the petition did not state a cause of action and was subject to general demurrer since there were no facts alleged therein in support of the conclusion of the pleader that the defendants had implied or constructive knowledge of the alleged danger incident to the plaintiff's employment. See in this connection, *Elrod v. Ogles,* 78 Ga. App. 376, 382 (50 SE2d 791).

■ It is strongly contended by counsel for the plaintiff, however, that the trial court erred in dismissing the petition without giving the plaintiff leave to amend. This contention is based upon the fact that the plaintiff had served written interrogatories upon the defendants on the day preceding the ruling on the defendants' general demurrers, and it is argued on behalf of the plaintiff that she should have been given the opportunity to amend her petition after securing answers to these interrogatories based upon the information thus obtained.

This court in *Higgins v. Otis Elevator Co.,* 69 Ga. App. 584, 589 (26 SE2d 380), held as follows: "Where a judge takes demurrers under advisement and where the right to amend is requested of the court before judgment such right should be

given before dismissal of the action or pleadings if there is enough to amend by." The record in this case does not disclose that the plaintiff requested a delay in the consideration by the court of the defendants' general demurrers until answers to the interrogatories were received or that the plaintiff requested leave to amend before the entry of a judgment of dismissal; and it is well settled that in the absence of such request, the plaintiff, after the dismissal of the case, has no right to amend or to a re-instatement of the case in order to permit her to amend, although the trial court may in its discretion allow the case to be reopened during the same term of court. *Bowen v. Wyeth*, 119 Ga. 687 (3) (46 SE 823); *Ripley v. Eady & Mayfield*, 106 Ga. 422 (2) (32 SE 343); *Lamar, Taylor & Riley Drug Co. v. First Nat. Bank*, 127 Ga. 448, 452 (56 SE 486); *Owens v. Rutherford*, 200 Ga. 143, 152 (36 SE2d 309).

The trial court did not err in dismissing the petition without leave to amend and in subsequently denying the plaintiff's motion to amend the judgment of dismissal so as to allow time for amendment.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*